[No. 3910.]

## THE SACRAMENTO SAVINGS BANK *v.* JOHN HYNES.

RECOVERY IN EJECTMENT.—In ejectment, the plaintiff can recover only on the title he held at the time of the commencement of the action.

EVIDENCE IN EJECTMENT.—In ejectment, the admission in evidence of a patent of the United States issued to the plaintiff after the commencement of the action, is erroneous, but the error does no harm if the plaintiff introduces in evidence a certificate of purchase issued to him by the United States before the commencement of the action.

RECOVERY IN EJECTMENT.—A certificate of purchase of land issued by the United States, and introduced in evidence by the plaintiff in ejectment, makes out a *prima facie* case for him.

SWAMP AND OVERFLOWED LANDS.—The act of Congress passed March 12, 1860 (12 U. S. Statutes at Large, 3), to extend the provisions of the act of September 28, 1860, granting swamp lands, relates only to lands which were in fact swamp and overflowed, and cannot be applied to lands confirmed to the State of California by the act of July 23, 1866, because selected by the State *as* swamp and overflowed.

SWAMP LANDS IN CALIFORNIA.—The act of Congress passed July 23, 1866, validating selections of lands, as swamp and overflowed, theretofore made by the State of California, requires the Commissioner of the General Land Office to certify over to the State all such lands, after the performance of the several official acts therein mentioned, to wit, after the Surveyor-General of the United States has made and forwarded to the commissioner approved plats of all townships surveyed by the State, as swamp and overflowed, in accordance with the United States surveys.

WHEN A PATENTEE HOLDS THE LEGAL TITLE TO LAND AS TRUSTEE.—If a party has acquired, as a pre-emption claimant, the legal title to land from the United States, another pre-emption claimant cannot, in equity, hold him as his trustee, and compel him to make a conveyance of such legal title, unless such other has complied with the provisions of the pre-emption law, or was prevented from so doing by some act, by means of which the holder of the legal title acquired an undue advantage in the proceeding.

COMPLAINT IN EQUITY.—A complaint in equity for relief on account of the fraudulent acts of the defendant should aver the facts which constitute the fraud.

REMEDY FOR ERRONEOUS DECISION OF LAND OFFICERS.—If a register and receiver of a land office refused to hear the evidence of a pre-emption claimant, and allowed another pre-emption claimant to the land to introduce his testimony and enter the same, the remedy of the first party is by appeal to the Commissioner of the General Land Office. He cannot obtain relief in equity.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

E. H. Cone, on the 21st of July, 1868, filed his complaint against the defendant to recover possession of the southeast quarter of section twenty-four, in township nine north, range two east, Mount Diablo base and meridian, lying in Yolo County. The defendant answered. September 9, 1870, the defendant stipulated that the plaintiff might file a supplemental complaint, which contained an allegation that on the 2d day of May, 1870, the United States had issued to the plaintiff a patent for the land. The complaint was filed in accordance with the stipulation. January 14, 1871, the defendant answered, setting up that the land was

swamp and overflowed, and that it was selected and surveyed by the State of California, as swamp and overflowed land, prior to 1865, and that in October, 1865, the defendant entered into possession of it as such, and purchased it from the State as swamp and overflowed. The defendant then, for an equitable defense, set up that he was a qualified pre-emptioner, and on the 10th day of October, 1867, settled on the land as a pre-emption claimant, and on the 6th day of January, 1868, went to the local land office to file his declaratory statement, and was informed that the land was suspended from entry by pre-emptioners, and that he was prevented by the register from filing his declaratory statement, and that as soon as declaratory statements could be received, and on the 4th of April, 1868, he filed his declaratory statement. That he had always been ready to make the necessary proofs to entitle him to pre-empt, and to pay for the land, and that he took the necessary witnesses to the land office to prove his right of pre-emption, "but because of the wrongful and fraudulent acts and doings of the plaintiff, he was not permitted to do so by the register and receiver." The answer asked that the plaintiff be adjudged to hold the legal title in trust for the defendant, and, upon the payment to him of such sum as he had paid the United States for the land, and his expenses, that he be required to convey to the defendant. The plaintiff, having been substituted for Cone, demurred to the defense in equity, and the demurrer was sustained. The court found the following, among other facts:

"First. The plaintiff received from the United States a patent for the land in controversy, bearing date the 2d day of May, 1870.

"Second. The plaintiff's certificate of purchase, upon which said patent was based, bears date the 4th day of ———, 1868, and his declaratory statement, as a pre-emptioner, was filed in April, 1867.

"Third. On the 2d day of May, 1868, the State of California issued to the defendant a patent for the same land as swamp and overflowed land.

"Fifth. The west half of the quarter section in dispute is

not swamp or overflowed land within the meaning of the act of Congress passed 28th September, 1850.

"Sixth. The east half of the said quarter section is swamp and overflowed land.

The defendant moved for a new trial on a bill of exceptions. By the bill it appeared that the plaintiff, to prove his right to recover, offered in evidence a patent from the United States, issued to Cone, May 2, 1870, and that the defendant objected to its introduction, but the objection was overruled. The plaintiff then, to show title, and when acquired, offered in evidence a certificate of purchase to Cone, dated May 4, 1868, and his declaratory statement filed in April, 1866. The defendant objected also to these, but the court overruled the objection. There was no proof that the defendant, or the State of California, had notice of, or was a party to the proceedings in the United States Land Office, by which Cone obtained his patent.

The defendant introduced a patent to him from the State of California, dated May 5, 1868, which contained the following clause: "Now, therefore, all the requirements of the acts of Congress, as well as the acts of the State Legislature, in relation to swamp and overflowed lands, having been fully complied with, I, H. H. Haight, Governor of the State of California, by virtue of the authority in me vested, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said John Hynes all the above-described lands, with the appurtenances."

"For the purpose of establishing one link in the chain of proof, to show the swamp and overflowed character of the land, and that as against the Government of the United States and the plaintiff claiming under it, the defendant had acquired the title to the lands under and by virtue of his patent from the State, the defendant having proved that this was within the lines of what had been designated as swamp and overflowed land about the 23d day of December, 1861, by the State authorities, and that William Minis, as county surveyor, then made a personal examination of the land as to its character and run the lines, offered to

prove by William Minis and other competent evidence, that the segregation was made by the county surveyor under the provisions of the act of the Legislature of this State, passed May 13, 1861, entitled 'An Act to provide for the reclamation and segregation of the swamp and overflowed and salt marsh and tide lands donated to the State of California by acts of Congress,' and that the character of the land as to its swamp and overflowed character was established by testimony taken in the manner prescribed by the Commissioner of the General Land Office at Washington, and under the supervision of said Commissioner of the General Land Office. The defendant offered this evidence for the purpose of showing, or, at least, tending to show, the swamp and overflowed character of the land; and, further, that if it should prove that it was not in reality of that character, yet the Government, making itself a party to the segregation in the manner it did, was bound by the acts then done in relation to the character of the land. The plaintiff objected to the offered testimony, on the ground that the same was irrelevant and immaterial. The court sustained the objection."

The plaintiff recovered judgment for the west half of the quarter section. The defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

[NOTE.—The act of Congress of July 23, 1866, confirmed to California lands which it had theretofore selected and sold as swamp and overflowed, even if the same were not in fact swamp and overflowed.]

*J. C. Ball and Armstrong & Hinkson*, for the Appellant.

The averments of the cross-complaint are full, and the demurrer should be overruled. We rely upon the following authorities: *Bluckworth* v. *Lake*, 33 Cal. 263; *Salmon* v. *Symonds*, 30 Cal. 306; *Johnson* v. *Towsley*, 13 Wallace, 72; *Simley* v. *Sampson*, 13 Wallace, 91; *Lindsey* v. *Haws*, 2 Black, U. S. 554; *State of Minnesota* v. *Batchelder*, 1 Wallace, 109.

The register's certificate was not admissible in evidence for any purpose. (*Fenn* v. *Holmes*, 21 How. U. S. 481; *Wil-*

*cox* v. *Jackson,* 13 Pet. 509; *Bagnell* v. *Broderick,* 13 Pet. 450.)

*Beatty & Denson,* for the Respondent.

The facts stated in the equitable defense were properly cognizable in the land office, and should have been litigated therein. It is not denied they were litigated there. It is not pretended plaintiff resorted to any fraud or other device to prevent the defendant from having a fair trial. It is not alleged that by accident, or surprise, or fraud, he was prevented from having a fair trial.

It is simply an appeal from the land office to the district court on a question of fact. If such a bill as this can be entertained, every case tried in the United States Land Office will be retried in the district courts. Whenever there is a conflict of evidence, the unsuccessful party can swear he believes the other side committed perjury. This is all there is in the defendant's cross-complaint, and it is such a bill, we think, as never was sustained to overturn a judgment at law.

The authorities on this subject we think conclusive. We refer to the following cases in the California Reports: *City of Oakland* v. *Carpentier,* 21 Cal. 642; *Castle* v. *Bader,* 23 Cal. 75; *Semple* v. *Hager,* 27 Cal. 163: *Kent* v. *Snyder,* 30 Cal. 666.

The two latter cases seem to be especially in point. (See 30 Cal. 673–5; 27 Cal. 166.)

The certificate of purchase, under the statute, entitled the plaintiff to possession. (Hittell, Art. 703.)

By the Court, RHODES, J.:

The defendant ought to have objected to the filing of the supplemental complaint, by which it was attempted to set up title acquired after the commencement of the action; for it is a rule in the action of ejectment, of such universal recognition, that the plaintiff can recover only on such title as he held at the commencement of the action, that we forbear to state any reason or cite an authority in its support. The admission in evidence of the patent issued to the plaint-

iff's grantor, after the commencement of the action, was erroneous; but the error was rendered immaterial by the introduction in evidence of the certificate of purchase issued to the plaintiff's grantor, and the finding of that fact by the court; for the certificate was sufficient to make out a *prima facie* case for the plaintiff.

It was not found or proven that the land in controversy was swamp and overflowed land; but it is claimed by the defendant that the evidence offered by him would, if admitted, have shown that the title vested in the State by virtue of the act of Congress of July 23, 1866 (14 U. S. Stat. at Large, 218); and it is also insisted, that the evidence showed a valid selection of the lands, in accordance with the provisions of the act of Congress of March 12, 1860. (12 U. S. Stat. at Large, 3.)

As to the latter act, it is sufficient to say that it relates only to lands which were, in fact, swamp and overflowed, and therefore it is inapplicable to the lands in controversy.

It is provided by the fourth section of the act of July 23, 1866, that "the commissioner shall direct the United States Surveyor-General for the State of California to examine the segregation maps and surveys of the swamp and overflowed lands made by said State, and when he shall find them to conform to the system of surveys adopted by the United States, he shall construct and approve township plats accordingly, and forward to the General Land Office for approval. The act does not expressly declare that the lands thus selected by the State shall, after the performance of the several official acts therein mentioned, be certified over to the State, as swamp and overflowed land; but as we construe the act, that must be held to be its intent. The defendant had the right to prove, if he could do so, that the State had made "segregation maps and surveys," which designated this land as swamp and overflowed land, and that all the official acts had been performed by the United States which were necessary to be done, in order to vest the title to the land in this State. He proved, as we understand by the bill of exceptions, that the land had been segregated by the State as swamp and overflowed land in 1861,

but the evidence which he offered in connection therewith did not tend to prove any other fact which was requisite in order that the title should pass to the State, under the operation of the act of July 23, 1866, and therefore its exclusion was not error.

The demurrer to the equitable defense was properly sustained. One point only will be considered. The defendant cannot maintain the position that he is entitled, in equity, to the legal title which was acquired by the plaintiff, unless he, the defendant, complied with the provisions of the preemption law applicable to his case, or was prevented from so doing by some act, by means of which the plaintiff acquired an undue advantage in the proceeding. Among others is the provision that the claimant must prove to the satisfaction of the register and receiver, the facts upon which his claim rests. The allegation of the equitable defense that when the defendant appeared before those officers to prove his right of pre-emption, he was not permitted to make such proof, because of the "wrongful and fraudulent acts of the plaintiff," is not the allegation of any fact which caused or induced those officers to refuse to hear his proofs. The allegation is too vague to be considered as the allegation of a fact.

It is also alleged that the plaintiff made false and fraudulent representations "to the register and receiver at Marysville and other land offices of the United States at Washington," respecting his settlement upon and occupation and improvement of the lands, and procured certain persons to testify before the register and receiver that such false and fraudulent representations were true. It may be assumed that these are the acts alluded to as the "wrongful and fraudulent acts of the plaintiff," but they did not and could not have the effect to prevent the register and receiver from hearing the defendant's evidence in support of his claim. If the plaintiff supported his claim by false testimony the defendant was not thereby precluded from introducing testimony to contradict it, and to prove the truth of his own declaratory statement.

If the register and receiver refused to hear the defend-

ant's evidence in support of his claim, because the plaintiff had produced evidence, whether true or false, in support of his own claim, or on any other insufficient or captious ground, the defendant had an effectual remedy by application to the Commissioner of the General Land Office, or by some other appropriate proceeding, to compel them to proceed and take the defendant's evidence, and pass upon the question of his right of pre-emption.

Judgment and order affirmed.