[No. 5006.]

## ANDREW CONLAN *v.* HIRAM QUINBY.

EVIDENCE IN EJECTMENT.—If the plaintiff in ejectment relies, to recover, only on the fact that the Secretary of the Interior awarded him the land as a pre-emptor in a contest with the defendant, and that he paid for the land and obtained the receipt of the receiver of the local land office, and that he had cultivated and improved a part of the land, the defendant may prove that when the plaintiff entered on the land, a large por-

tion of it was, and ever since has been, in the adverse possession of the defendant or his grantors.

RIGHTS OF A PRE-EMPTOR.—In a pre-emption contest before the land department of the United States, a decision in favor of one of the claimants does not invest him with the legal title prior to the issuing of the patent.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendant appealed from the judgment and from the order denying a new trial.

The other facts are stated in the opinion.

*Whiting & King and J. R. McConnell,* for the Appellant.

*John D. Bicknell,* for the Respondent.

By the Court, CROCKETT, J.:

In a contest before the land department of the United States as to the rights of plaintiff and defendant respectively to pre-empt the land in controversy, the Secretary of the Interior, on appeal, awarded the land to the plaintiff, who subsequently paid the purchase-price to the receiver of the proper district, and obtained his duplicate receipt therefor. The action is ejectment; and at the trial the only evidence offered by the plaintiff in support of his right to recover was, first, the written opinion and decision of the Secretary of the Interior; second, the duplicate receipt of the receiver for the purchase-price; third, evidence tending to prove that for many years before the commencement of the action the plaintiff had cultivated and occupied a portion of the land. The defendant offered evidence to prove that when the plaintiff originally entered upon the land in controversy, a large portion of it was, and has ever since been, in the actual adverse possession of the defendant or his grantors. On the objection of the plaintiff, this evidence was excluded by the court, and a verdict and judgment were rendered for the plaintiff for the whole tract sued for.

It is well settled that at common law the plaintiff in ejectment can recover only on a legal title; and it would not be

claimed by any one, we apprehend, that in a pre-emption contest before the land department of the United States, a decision in favor of one of the claimants would invest him with the legal title prior to the issuing of the patent. It is equally well settled that the payment of the purchase-price creates only an equity in the claimant; but the legal title remains in the government until the patent issues. But by section 1925 of the Code of Civil Procedure, it is provided that a certificate of purchase or of location is *prima facie* evidence that the holder of it is the owner of the land described therein, but that this evidence "may be overcome by proof that at the time of the location, or time of filing a pre-emption claim on which the certificate may have been issued, the land was in the adverse possession of the adverse party, or those under whom he claims." The defendant contends that the receiver's duplicate receipt is not a certificate of purchase in the sense of the statute, and that a certificate of purchase is the final certificate issued by the *register*, after the payment to the receiver, and which is forwarded to the General Land Office as evidence that the holder is entitled to a patent. But however this may be, it is clear that if the receiver's duplicate receipt is to be deemed a certificate of purchase in the sense of the statute, and was therefore *prima facie* evidence of title, the defendant might overcome this evidence by proof that when the plaintiff filed his "pre-emption claim" the land was in the adverse possession of the defendant, or those under whom he claims. As we understand the record, this is precisely what the defendant offered to do; but the court denied him the opportunity, and in this we think there was error.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.