## C. D. HAVEN, APPELLANT, v. F. M. HAWS, RESPONDENT.

EVIDENCE—DECISION OF UNITED STATES LAND DEPARTMENT.—The finding of any fact involved in a contest before the land department of the United States is conclusive upon the courts of this State in an action to hold the successful party as a trustee for the other, or to deprive him of the benefit of his success in the department, except, perhaps, in cases of fraud.

ID.—CERTIFICATE OF PURCHASE—ADVERSE POSSESSION.—In an action of eject-ment, brought by one holding a certificate of purchase from the United States, against one in adverse possession, the effect of the certificate as evidence being statutory, the inquiry as to adverse possession to overcome it is one which has no relation to any judgment or action of any of the officers of the land depart-ment, by virtue of which the certificate was issued. Adverse possession is a fact to be determined by the State courts.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was ejectment. The plaintiff held a certificate of purchase issued by the United States, and which grew out of a controversy before the land department, entitled *John D. Osborne* v. *Cyrus D. Haven & F. M. Haws*, involving the west half of a quarter section of government lands. The plaintiff and defendant had filed their declaratory statements to pre-empt the lands, and Osborne, holding a soldier's certificate, had located it upon the same lands. The contest thus begun resulted in a decision of the secretary of the interior awarding the land to the plaintiff Haven.

The defendant answering averred that he was, at the time plaintiff filed his declaratory statement, and since 1873 had been, in the adverse possession of the land in controversy, and by way of cross-complaint set up all the proceedings and find-ings of the land department in the contest between Osborne and the plaintiff and defendant, and prayed that the plaintiff be declared a trustee for him, and that all the rights secured by the certificate of purchase be conveyed to him. The plaintiff demurred to the cross-complaint, the demurrer was sustained, and the case went to trial upon the answer. On the trial the plaintiff offered in evidence the decision of the secretary of the interior, by virtue of which the certificate was issued. The court refused to admit it, and found that the defendant was, at

the time the plaintiff filed his declaratory statement to pre-empt the land, and at the commencement of this action, and has been continuously since 1873, in the adverse possession thereof, and gave judgment for the defendant.

*C. W. C. Rowell,* for Appellant, cited *Dilla* v. *Bohall,* 53 Cal. 709; *Powers* v. *Leith,* 53 Cal. 711.

*Satterwhite & Curtis,* for Respondent, cited *Conlan* v. *Quinby,* 51 Cal. 412; *Hutton* v. *Frisbie,* 37 Cal. 475; *Page* v. *Fowler,* 28 Cal. 605.

PER CURIAM.—Section 1925 of the Code of Civil Procedure provides that a certificate of purchase of any land issued in pursuance of any law of the United States is "primary" evidence that the holder thereof is the owner of the land described therein; but the evidence may be overcome by proof that at the time of filing the pre-emption claim on which such certificate may have issued, the land was in the adverse possession of the adverse party.

The adverse possession of defendant was a question of fact to be passed upon by the court that tried this action.

In case of contest between opposing claimants to a portion of the public lands in the land department of the United States, the finding of any fact involved in such contest is conclusive upon the courts of the State, in an action or proceeding brought here to hold the successful party in the contest as *trustee* for the other, or to deprive him of the benefit of his success in the department; except, perhaps, in certain cases where the officers of the land department have been imposed upon by false testimony or fraud.

But the certificate of purchase is evidence, *prima facie,* of title, only because the section of the Code makes it such evidence, and the same section provides that the evidence of the certificate may be overcome by proof of adverse possession, etc.

This leaves the inquiry as to adverse possession to overcome the effect of the certificate an independent inquiry, which has no relation to any action or judgment of the secretary of the interior or other officer of the United States. It is the fact of the adverse possession which is to be ascertained by the State

court. The finding of the land officers may have led up to the issuance of the certificate, but the *effect* of the *certificate,* as evidence in our courts, depends entirely upon our own legislation.

The court below properly refused to admit in evidence the decision of the secretary of the interior in the contest between plaintiff and Osborne, as conclusive or any evidence upon the question of the adverse possession of the defendant herein.

Judgment affirmed.