[No. 14269.   Department Two. — October 15, 1891.]

## CARROLL McTARNAHAN et al., Respondents, *v.* WARD C. PIKE, Appellant.

Ejectment — Pleading — Fraudulent Entry in Land-office — Insuf-
ficient Defense — Striking Out. — In an action of ejectment, where
the defendant alleges as a defense that the only right or title under
which the plaintiffs claim arises from a pretended entry of the land at
the United States land-office as a placer mining claim, which entry was
founded upon fraudulent proceedings and false testimony and affidavits,
and that the defendant had filed a protest against the allowance of the
entry by plaintiffs, and that he believes a hearing will be granted and
the entry canceled, but the answer fails to state the pendency of any
question in the land-office as to the validity of plaintiffs' certificate of
purchase, admitted to have been issued to the plaintiffs, nor facts from
which the pendency of such question must be necessarily inferred, the
action of the trial court in striking out such defense from the answer is
not error.

Id. — Suspension of Entry after Trial. — The action of the court in
striking such matter from the answer is not rendered erroneous because
of the fact that after the trial of the action of ejectment the Secretary
of the Interior rendered a decision directing a hearing and determination
of the matter of the defendant's protest against the entry under which
the plaintiffs claimed, suspending the entry pending the investigation,
and directing, in a certain contingency, a readjudication of the matter
of the cancellation of the entry under which the defendant claimed, and
a reinstatement of it, as such a decision could not have been antici-
pated by the trial court.

Id. — Entry of Placer Mining Claim — Adverse Possession — Prescrip-
tion — Statute of Limitations. — Where the plaintiffs entered the land
in dispute in the United States land-office as a placer mining claim, less
than two years before the commencement of their action of ejectment,
the defendant's adverse possession of the land before the entry by the
plaintiffs is immaterial for the purpose of proving title in the defendant
by prescription, as the statute of limitations could not run against the
government; and a finding that the defendant acquired no title by ad-
verse possession is not error.

Id. — Certificate of Sale of Mineral Lands — Prima Facie Evidence
— Adverse Possession — Construction of Code. — Section 1925 of the
Code of Civil Procedure, making certificates of the sale of public lands
*prima facie* evidence of ownership, and providing that such evidence may
be overcome by proof that at the time of the location of the land upon
which the certificate issued the land was in the adverse possession of
the other party, applies to a certificate of sale of mineral land.

Id. — Material Issue as to Adverse Possession — Failure to Find —
Decision against Law. — Where the answer in an action of ejectment
in which judgment was rendered for the plaintiffs raised an issue as to
the defendant's adverse possession of the land at the time of its location
as a mining claim by the plaintiffs, upon which the plaintiffs' certificate

of purchase was issued, and there was evidence tending to prove such adverse possession at that date, such issue is material upon the question of overcoming plaintiffs' certificate of purchase, and a finding that defendant had no title by adverse possession is not a finding upon such issue, and a failure to find thereupon is a decision against law, entitling the defendant to a new trial.

Appeal from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*F. P. Otis*, for Appellant.

*F. W. Street*, for Respondents.

Vanclief, C. — The action is ejectment to recover possession of fifty acres of placer mineral land described by legal subdivisions of section 22, township 2, range 14 north, Mt. Diablo meridian, and called "Crystal ·Spring Gravel Placer Mine," situate in the county of Tuolumne.

The complaint is in the most general form, alleging, in substance, that plaintiffs own the demanded premises and are entitled to the possession thereof, and that defendant is wrongfully in possession and wrongfully withholds the possession from the plaintiffs.

The answer of the defendant specially denies each allegation of the complaint, except that he withholds the possession, and affirmatively alleges that defendant is entitled to the possession by right and title derived from his grantors, who, in April, 1873, had entered and paid for the land in the United States land-office, and received a certificate of purchase therefor.

Further answering, defendant alleged that for more than seven years last past he had been in the open, continuous, notorious, exclusive, peaceable, and adverse possession of the demanded premises, as against all persons except one Wiggins, who was a tenant in common with him, and especially as against the plaintiffs; and further alleges that he and his grantors and tenants in common have been in like adverse possession for more than fifteen years last past.

In the seventh division of his answer, the defendant alleges as a further defense, among other things, substantially, that the only right or title under which plaintiffs claim arises from "a pretended entry of said land at the United States land-office" as a placer mining claim, which entry was founded upon fraudulent proceedings and false testimony and affidavits as to having posted on the claims the plat and notice for the period of sixty days, and as to having done five hundred dollars' worth of work as required by law; "*that when said attempted locations were made, all of said land was, and long prior thereto had been, and now is, in the adverse, open, notorious, continuous, exclusive, and peaceable possession of said defendant, and that said plaintiffs and applicants well knew such to be the case*"; that the register and receiver of the land-office were deceived and imposed upon by the aforesaid false affidavits and testimony, and were thereby induced to issue to plaintiffs the certificate of purchase under which they claim the land; that defendant, by his attorney, has filed in the general land-office at Washington a protest against the allowance of said entry by plaintiffs, in which is set forth all the facts showing the invalidity of the application and entry by plaintiffs, and he verily believes a hearing will be granted in the matter, and that said entry will be canceled.

On motion of plaintiffs, the seventh division of the answer, except the above italicized quotation therefrom, was stricken out by the court.

The court found the facts as follows:—

"1. That on January 1, 1889, the plaintiffs were, and have ever since continued to be, the owners of, and entitled to the possession of, all that certain placer mining claim described as follows, to wit [here follows the description].

"2. That on January 1, 1889, the defendant was, and has ever since continued to be, in possession of a portion of said mining claim, against the will and without the consent of plaintiffs, and has refused, and continues to refuse, to yield possession thereof to plaintiffs.

"3. That defendant has no title to said mining claim, or any portion thereof, either by adverse possession or otherwise, and has no right to the possession thereof, nor to the possession of any portion thereof."

Upon these findings, judgment was rendered in favor of the plaintiffs for possession of the land, and costs; from which, and from an order denying his motion for a new trial, the defendant appeals.

1. It is contended for appellant, that the court erred in striking out part of the seventh division of defendant's answer.

Perhaps this point would be good, if the seventh division of the answer had stated facts showing that the question as to the validity of the entry in the land-office, under which the plaintiffs claim, was then pending and undecided; as in such case a very serious question, at least, would have been raised as to whether the certificate of purchase issued to plaintiffs should have been considered *prima facie* evidence of title under section 1925 of the Code of Civil Procedure. (*Campbell* v. *Buckman,* 49 Cal. 362.) But as the answer does not state the pendency of any question in the land-office, as to the validity of plaintiffs' certificate of purchase admitted to have been issued to them, nor facts from which the pendency of such question must necessarily be inferred, I think the court did not err in striking out that portion of it which was stricken out.

Counsel refer to a decision of the Secretary of the Interior, rendered nine months after the trial of this cause, directing a hearing and determination of the matter of defendant's protest against the entry under which plaintiffs claim, and suspending that entry pending the investigation; and also directing, in a certain contingency, a readjudication of the matter of the cancellation of the entry under which defendant claims, and a reinstatement of it. (12 Land Decisions, 125.) But nothing of this could have been anticipated by the court below.

2. It is claimed that the third finding is not justified by the evidence. But as the statute of limitation did not

run against the government, and less than two years intervened between the date of plaintiffs' entry and the commencement of this action, the finding that defendant acquired "no title by adverse possession," whether a fact or a conclusion of law, is correct. For the mere purpose of proving title by prescription, defendant's alleged adverse possession before plaintiffs entered and paid for the land counted for nothing.

3. It is further claimed that the decision is against law, for the reason that the court did not find upon all the material issues of fact; and I think this point is well taken.

There was no other evidence of plaintiffs' title or right of possession than their certificate of purchase, dated May 23, 1888, the effect of which, as evidence in this action, might have been overcome "by proof that at the time of the location" of the mining claim upon which the certificate issued the land was in the adverse possession of the defendant. (Code Civ. Proc., sec. 1925; *Witcher* v. *Conklin*, 84 Cal. 500, and cases there cited.) This, however, goes on the assumption that section 1925 of the Code of Civil Procedure applies to certificates of purchase of mineral land, as I think it does, and there is no controversy here on this point. But if that section does not apply to mineral lands, then there is no evidence to sustain the first finding, since it is by virtue of that section alone that certificates of sale are made "primary evidence" of ownership (*Haven* v. *Haws*, 63 Cal. 452); and the result would be, that appellant's point, that the first finding is not justified by the evidence, should be sustained.

The answer, as above shown, raises the issue as to defendant's adverse possession at the time of the location of the mining claim upon which plaintiffs' certificate of purchase was issued, and thence until the commencement of this action; and there was evidence upon that issue strongly tending to prove such adverse possession; yet there is no finding upon that issue. The third finding, that defendant "has no *title* by adverse possession,"

being perfectly consistent with the adverse possession alleged, does not touch the issue as to the existence of such adverse possession. The adverse possession may have been such as contemplated by section 1925 of the Code of Civil Procedure, and quite sufficient to overcome the evidence afforded by plaintiffs' certificate of purchase, and yet insufficient to prove title by prescription, for reasons above indicated.

For the failure to find upon this issue as to adverse possession, I think the judgment and order should be reversed, and a new trial granted.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial granted.