[Civ. No. 1473. Second Appellate District.—March 16, 1914.]

## LOUISE E. KERR, Respondent, v. W. L. SNOWDEN et al., Appellants.

EJECTMENT—POSSESSION BY DEFENDANTS—INSUFFICIENT DENIALS IN PLEADING.—Where the complaint in ejectment alleges that the defendants ousted the plaintiff and unlawfully withheld possession from him, a denial in the answer "that defendants, or either of them, now unlawfully withhold possession from plaintiff of any of the lands described in plaintiff's said complaint," is not only evasive, but a mere conclusion, and hence insufficient to raise an issue as to the defendants being in possession of the land. The allegation of the complaint in this regard must therefore be deemed admitted.

ID.—TITLE OF PLAINTIFF—ASSIGNED CERTIFICATE OF PURCHASE OF DESERT LAND.—While the issuance of a certificate of purchase of desert land does not in fact transfer the government title, still, by virtue of section 1925 of the Code of Civil Procedure, the certificate is made primary evidence that the holder or assignee thereof is the owner of the land described therein; but in the absence of this provision of the code an assignee of the certificate could not maintain ejectment, since one can recover in that action only upon a legal title.

ID.—ACTION BY ASSIGNEE OF CERTIFICATE—COPY OF LAND BOOK AS EVIDENCE OF TITLE.—If in an action of ejectment by the assignee of

a certificate to purchase desert land, neither the certificate nor the assignment is offered in evidence, nor any proof made tending to show that the same have been lost or destroyed, a certified copy of a "tract book" from the office of the register of United States lands, showing the issuance of the certificate and the assignment thereof, is not admissible to establish the plaintiff's title.

ID.—EVIDENCE—MEMORANDA OF REGISTER OF LAND OFFICE.—The provision contained in section 1925 of the Code of Civil Procedure, which is in derogation of the common law, cannot be construed as authority under which the memoranda and entries made by the register of United States lands can be deemed competent evidence of the issuance in form, substance, and execution of a certificate of purchase, or the legal assignment thereof.

ID.—INJUNCTION AGAINST DEFENDANTS—INTERFERENCE WITH PLAINTIFF—ADMISSIBILITY IN EVIDENCE.—In such action evidence is not admissible that the plaintiff obtained an order restraining the defendants from interfering with him in the making of improvements upon the land, required by the government as a prerequisite to the issuance of a final certificate of purchase therefor, and that by virtue of such order she went upon the land and made improvements, as a result of which she made her final proof in the United States land-office; since the question involved is whether she in fact acquired the government's title, not how she acquired it.

ID.—TITLE ACQUIRED AFTER COMMENCEMENT OF ACTION—ADMISSIBILITY IN EVIDENCE.—The final certificate of purchase, obtained by the plaintiff months after the commencement of his action in ejectment, is not admissible as evidence of title; for in ejectment the plaintiff must recover, if at all, upon the state of his title as it existed at the time when he commenced the action.

APPEAL from an order of the Superior Court of Imperial County refusing a new trial.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Eshleman & Swing, for Appellants.

George H. P. Shaw, R. D. McPherrin, and Shaw & Dyke, for Respondent.

SHAW, J.—Action in ejectment.   The case was tried before a jury which rendered a verdict for plaintiff.   Judgment followed.   Defendants moved for a new trial, in support of which they offered a statement of the case.   The motion was denied, and this appeal is from the order denying the same.

The land, one hundred and sixty acres in area, is situated in Imperial County. The complaint, filed April 12, 1909, alleged that on January 28, 1907, plaintiff was seized in fee of "that certain 160 acres of land, . . . embraced in Desert Land Entry No. 3024 and in said Desert Land Entry described as the SE ¼ of section 3, township 15 south, range 14 east; also known as the SE ¼ of section 36, township 14 south, range 14 east, S. B. M., according to the Imperial survey; and also described as Tract No. 37 in township 14 south, range 14 east, S. B. M., according to the resurvey of said township authorized by act of Congress July 1st, 1902''; that defendants, without right or title, entered into possession and ousted and ejected plaintiff therefrom, and unlawfully withhold possession thereof to her damage in the sum of five hundred dollars; that the rents, issues and profits for the time that plaintiff was excluded from the property is five hundred dollars. By their answer defendants deny plaintiff's title and the alleged ouster; "deny that defendants, or either of them, now unlawfully withhold possession from plaintiff of any of the lands described in plaintiff's said complaint." This last denial as quoted is not only evasive, but a mere conclusion; hence insufficient to raise an issue as to defendants being in possession of the land. (*De Godey* v. *Godey,* 39 Cal. 157.) The allegation of the complaint in this regard must therefore be deemed admitted. Plaintiff's title is based upon the claim that on July 21, 1905, at which time the land was vacant, unappropriated government land, one Harry R. Hay made a desert land entry thereon, numbered 3024, and received from the United States land department a certificate of purchase, wherein the land was described as the southeast ¼ of section 3, township 15 south, range 14 east, and that in January, 1907, Hay assigned this certificate of purchase to plaintiff. At the time of the filing of the complaint herein this certificate of purchase and assignment thereof to plaintiff constituted the sole documents upon which plaintiff based her claim of title to the property. While the issuance of the certificate of purchase did not in fact transfer the government title to plaintiff's assignor, such certificate, by virtue of section 1925 of the Code of Civil Procedure, is made primary evidence that the holder or assignee thereof is the owner of the land described therein. In the absence of this provision of the code,

since one can only recover in ejectment upon a legal title (*Conlan* v. *Quinby*, 51 Cal. 412), plaintiff as assignee of the certificate could not maintain the action. "The certificate of purchase is evidence, *prima facie*, of title, only because the section of the code makes it such evidence." (*Haven* v. *Haws*, 63 Cal. 452.) And in *McTarnahan* v. *Pike*, 91 Cal. 540, [27 Pac. 784], it is said: "It is by virtue of that section (1925) alone that certificates of sale are made primary evidence of ownership." Neither the certificate of purchase issued to Hay nor the assignment thereof was offered in evidence; nor was any proof made tending to show that they or either of them were lost or destroyed. In lieu thereof, the court, over defendants' objection, permitted plaintiff to introduce in evidence a certified copy of page 77, volume 18, of what is designated as the tract book from the office of the register of U. S. lands, showing the description of the land sold by the government to Harry R. Hay, date of sale, number of certificate, and a notation thereon in pencil, "assigned to Louise E. Kerr, 736 Westlake Avenue, Los Angeles, 1–25–07." Our attention is not directed to any provision of law requiring the register to keep such tract book and make such entries or memoranda therein. Conceding the entries to have been made in the performance of official duty (Code Civ. Proc., sec. 1920), we are nevertheless of the opinion that the provision contained in section 1925 of the Code of Civil Procedure, which is in derogation of the common law, cannot be construed as authority under which the memoranda and entries made by the register can be deemed competent evidence of the issuance in form, substance, and execution of the certificate of purchase, or the legal assignment thereof to plaintiff. Like a deed or other written instrument, the validity and interpretation of these documents in writing are questions of law for the court to determine, not the register of the land-office, whose functions are ministerial. This rule is universal, and citation of authorities in support thereof is unnecessary. It, therefore, follows that the court erred in its ruling in admitting the certified copy of the tract book, pencil memoranda, and notations therein as evidence proving plaintiff's title to the property.

On January 26, 1910, after the commencement of the trial, plaintiff, over defendants' objection, was permitted to file a supplemental complaint wherein she alleged that, about July

1, 1909, she obtained a restraining order directed to defendants, restraining them from interfering with her in the performance of making improvements upon the land, required by the government as a prerequisite to the issuance of final certificate of purchase therefor, and that under and by virtue of said restraining order she went upon the land and made certain improvements thereon, as a result of which she made her final proof in the United States land-office, which proof was accepted and approved and a final certificate of purchase issued to this plaintiff for the land described in the original complaint; and she was also permitted, over defendants' objections, to offer evidence in support thereof. These rulings constituted error. The granting of the writ of injunction restraining defendants from interfering with plaintiff while she performed the required work as a condition of procuring a final certificate of purchase did not tend in any wise to establish her title. The question involved was whether she *had in fact* acquired the government's title, not *how* she acquired it. If at the commencement of the suit she held a patent or certificate of purchase, which latter, as we have seen, under section 1925 of the Code of Civil Procedure, constitutes *prima facie* evidence of title, then under the pleadings it was immaterial whether she had made the improvements prescribed by the government as a condition precedent to the granting of a final certificate. The determination of such question is for the United States land department, and, acting within the authority conferred, its final ruling thereon can only be attacked for mistake or fraud.

The final certificate of purchase was obtained months after the commencement of the suit. It is a rule of universal recognition that in ejectment the plaintiff must recover, if at all, upon the state of his title as it existed at the time when he commenced the action. (*Johnston* v. *Jones,* 66 U. S. (1 Black.) 209, [17 L. Ed. 117].) "Title acquired after the commencement of the action will in no case entitle the plaintiff to recover." (Tyler on Ejectment, p. 76.) To the same effect see: Vol. 15 Cyc., p. 29; *Sacramento Savings Bank* v. *Hynes,* 50 Cal. 195; Warville on Ejectment, sec. 228; *Sauer* v. *Meyer,* 87 Cal. 34, [25 Pac. 153].) The only proof offered in support of plaintiff's alleged title was the tract book and notations therein from the register's office and the final certificate

of purchase issued long after the bringing of the action, both of which documents having been erroneously admitted in evidence, it must follow that the order denying defendants' motion for a new trial must be reversed.

Other errors were committed, due apparently to an erroneous theory as to the issues involved under the pleadings. Defendants, without asserting any right thereto, admit their possession of land the title to which was, at the commencement of the action, alleged by plaintiff to be vested in her. They deny that she had title to the land as alleged. This is the chief issue upon which, if decided in plaintiff's favor, judgment must follow for her. Such title must be evidenced by a patent, or in lieu thereof a certificate of purchase (Code Civ. Proc., sec. 1925) issued or assigned to her, the validity and interpretation of which are questions for the court, and not the jury. If issued, then under the present state of the pleadings it is immaterial whether or not she performed the conditions required by the government as a prerequisite to its issuance. A new action (if not barred), based upon the final certificate of purchase issued to plaintiff, or upon a patent, if one has been issued, would greatly simplify the case and in the trial thereof be the means, perhaps, of avoiding many errors of which defendants justly complain.

The order is reversed and the court directed to grant defendants' motion for a new trial.

Conrey, P. J., and James, J., concurred.