[No. 13699.   Department Two. — December 12, 1890.]

## CLARA SAUER, APPELLANT, v. PAUL MEYER, RESPONDENT.

EJECTMENT — EVIDENCE — RIGHT OF POSSESSION. — To maintain an action of ejectment, the plaintiff must show that he was entitled to the possession of the demanded premises at the time he commenced the action.

ID. — LANDLORD AND TENANT — FORFEITURE OF LEASE — NON-PAYMENT OF RENT — DEMAND — RIGHT OF RE-ENTRY. — To give a landlord a right of re-entry for non-payment of rent, a demand of the rent, upon or after the last day on which the lessee has to pay, is essential to complete the forfeiture and enable him to maintain an action of ejectment.

ID. — FORFEITURES NOT FAVORED. — Forfeitures are not favored; and where the right of possession of the landlord depends upon the forfeiture of the lease, the conditions of the lease involving the forfeiture must be strictly interpreted against him.

ID. — WAIVER OF FORFEITURE — EXTENSION OF TIME FOR PAYMENT. — An agreement that rent due for several months shall stand unpaid until a future month is a clear waiver of any forfeiture for non-payment of rent during those months, and no right of re-entry could accrue until the time stipulated in the lease has elapsed after demand of rent at the expiration of the extended time.

ID. — PREMATURE ACTION AGAINST SUBLESSEE. — Under a lease providing for the payment of rent monthly in advance, and for a right of re-entry by the landlord if any rent should be due and unpaid for ten days after the same should have been paid, and giving the lessee the right to sublet, where the lessor agreed with the lessee that the rent due for three months should stand unpaid until the first of the next month, and demanded of the sublessee the rent due on the first of such month, an action of ejectment against the sublessee, commenced four days after the demand, is prematurely brought.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*J. M. Wilcoxon,* for Appellant.

*Graves, Turner & Graves,* for Respondent.

BELCHER, C. C.—This is an action of ejectment. The court below gave judgment for the defendant, and the plaintiff appeals on the judgment roll.

The facts of the case, as found by the court, are in substance as follows: In November, 1883, the plaintiff leased the demanded premises for the term of ten years and one month from the first day of December following, the rental during the last five years of the term to be "forty dollars per month, payable in gold coin on the first of each and every month, in advance."

The lease provided that at the expiration or sooner determination thereof the lessees should have the right to remove from the premises all improvements placed thereon by them, and to sublet the premises, or any part thereof, and "that if any rent shall be due and unpaid for the period of ten days after the same should have been paid under the conditions hereof, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and remove all persons therefrom in the manner prescribed by law."

During the year 1889, the defendant was in possession, as sublessee, of one half of the leased premises. On the first day of October of that year, the whole rent, $120, for the months of August, September, and October was then due and unpaid, and on that day the plaintiff agreed orally with the plaintiff's lessor, who was one of the original lessees, that the same should stand unpaid until the first day of November following.

On the first day of November the plaintiff demanded of the defendant the payment of all rents then due, and the defendant denied that he owed plaintiff, and refused to pay anything.

On the fourth day of the last-named month, this action was commenced, and on that day, before defendant knew of its commencement, he offered to pay the amount due plaintiff for rent under the lease, and asked the amount due, and told her he was ready to give her a check for the same on a local bank, in which he had money sufficient to pay the sum due. The plaintiff refused to tell defendant the amount due, but made no objection to the offer of payment by check.

On the twenty-sixth day of November, and before defendant filed his answer herein, he offered in writing to pay to the plaintiff the sum of $160, in gold coin, the same being the amount due for rent under the lease up to and including that month, and the plaintiff refused to accept the same, but specified no objection thereto.

The case was tried in December, and on the trial thereof, and before its submission, the defendant brought into court, and delivered to the clerk of the court, for the use of the plaintiff, the sum of $220, the said amount being more than enough to pay all the rent then due and the costs of the suit.

The value of the improvements placed on the premises by the lessees is five thousand dollars.

Upon these facts, we think the defendant was entitled to have judgment entered in his favor.

To maintain an action of ejectment, the plaintiff must show that he was entitled to the possession of the demanded premises at the time he commenced his action. (*Hestres* v. *Brennan*, 37 Cal. 385; *Sacramento Savings Bank* v. *Hynes*, 50 Cal. 195.) The appellant here claims that she had a right to recover, because there had been a forfeiture of the lease for non-payment of rent.

Forfeitures are not favored; and our Civil Code con-

tains this provision: "A condition involving a forfeit-
ure must be strictly interpreted against the party for
whose benefit it is created." (Sec. 1442.)

To give a landlord a right of re-entry for non-payment
of rent, a demand of the rent, upon or after the last day
which the lessee has to pay, is essential to complete the
forfeiture, and enable him to maintain an action. (Tay-
lor on Landlord and Tenant, 8th ed., sec. 297; Wood on
Landlord and Tenant, 2d ed., sec. 514.)

It does not appear here that any demand for the pay-
ment of the rent due in August and September was made
during those months; and the agreement of October 1st,
that the rents for August, September, and October should
stand unpaid until November 1st was a clear waiver of
any forfeiture if demand had been made.

The plaintiff demanded on November 1st that the
defendant pay all the rents then due; and conceding that
this demand was sufficient, and that the rents should
then have been paid by defendant, notwithstanding he
was only a subtenant of half the leased property, still, no
forfeiture then occurred, or could occur, until the expi-
ration of ten days thereafter, for the reason that the lease
only provided that the lessor should have the right of
re-entry in case "any rent shall be due and unpaid for
the period of *ten* days after the same should have been
paid."

As the action was commenced four days after the de-
mand, it was evidently prematurely brought. Other
grounds are urged for the affirmance of the judgment,
but they need not be considered.

We advise that the judgment be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing
opinion, the judgment is affirmed.