[Civ. No. 966.   Third Appellate District.—June 28, 1912.]

## CHRIS. MOSSI, Appellant, v. MARVIN FAIRBANKS, Respondent.

LEASE—FORFEITURE FOR NONPAYMENT OF RENT—GENERAL RULE—PRE-
VIOUS DEMAND ESSENTIAL—EXCEPTIONS—TERMS OF STATUTE OR
LEASE—WAIVER BY TENANT.—As a general rule, a demand for un-
paid rent is a condition precedent to any action to enforce a for-
feiture of the lease for such nonpayment, whether it be an action
of ejectment brought by the lessor, or the summary proceeding in
unlawful detainer provided for by statute. But, as. exceptions to
such rule, the common-law necessity for a previous demand of the
rent may be obviated by a statute providing otherwise, or by pro-
visions in the lease dispensing with a demand, or by acts of the
tenant amounting to a waiver thereof.

ID.—RULE REQUIRING PREVIOUS DEMAND FOR UNPAID RENT NOT
CHANGED—CONSTRUCTION OF CODE.—Where it does not appear that
the lease dispensed with a demand, or that the lessee has waived
the same, the provision in section 793 of the Civil Code that: "An
action for the possession of real property leased or granted, with
a right of re-entry, may be maintained at any time after the right
of re-entry has accrued, without the notice prescribed in section
791," is not to be so construed that either of those sections, or
any section referred to in section 791, dispenses with a demand for
unpaid rent before a forfeiture can be declared. The right of re-
entry for nonpayment of rent has not "accrued" until a demand
has been made for its payment, regardless of the section of the
code under which the action is brought.

APPEAL from a judgment of the Superior Court of Hum-
boldt County.   George D. Murray, Judge.

The facts are stated in the opinion of the court.

A. W. Hill, for Appellant.

Pierce H. Ryan, for Respondent.

BURNETT, J.—The only question involved is whether a
demand for the payment of rent is a condition precedent to
the enforcement of the forfeiture of a lease.   The premises
were rented for the term of seven years and four months,
commencing on the fourth day of July, 1910, for the monthly

rental of $7.50, payable monthly in advance on the fourth day of each month during said term. It was provided in the lease "that if any rent shall be due and unpaid or if default shall be made in any of the covenants herein contained, then it shall be lawful for the party of the first part to re-enter said premises and to remove all persons therefrom." The action was brought to recover possession of the property in consequence of the failure of the lessee to pay the rent as agreed. In the complaint there was no allegation of demand for the rent, and for this omission the court sustained defendant's general demurrer. Plaintiff declining to amend, judgment of dismissal was entered, from which the appeal was taken.

Undoubtedly the general rule is that a demand for the rent must be made before forfeiture will be decreed. In *Sauer* v. *Meyer,* 87 Cal. 34, [25 Pac. 153], it is said: "The appellant here claims that she has the right to recover because there has been a forfeiture of the lease for nonpayment of the rent. Forfeitures are not favored; and our Civil Code contains this provision: 'A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. (Sec. 1442.)' To give a landlord a right of re-entry for nonpayment of rent, a demand of the rent, upon or after the last day upon which the lessee has to pay, is essential to complete the forfeiture and to enable him to maintain an action in ejectment. (Taylor on Landlord and Tenant, 8th ed., sec. 297; Wood on Landlord and Tenant, 2d ed., sec. 514.)" This case and other authorities are cited in *Ciapusci* v. *Clark,* 12 Cal. App. 53, [106 Pac. 440], in support of the statement: "Regarding the $5 payment as rent, there could be no forfeiture under this agreement without demand by plaintiff of the rental upon or after the last day given the lessee on which to pay." The decisions in this state, as pointed out by respondent, seem to be uniform in holding that a demand for the rent is required.

In *Gaskill* v. *Trainer,* 3 Cal. 335, the right to re-enter for nonpayment of the rent was reserved in the contract, but it was declared by the supreme court that "the failure to pay cannot alone create a forfeiture. There was an equal necessity that a formal demand should have been made on the day it became due. Nor for the purpose of forfeiture will a

waiver of demand ever be implied, but a forfeiture from its very nature cannot take place by consent and it is not favored by the rules of law.'' It is not disputed that the common law was very strict in its requirement that the demand for rent be made upon the leased premises and at a late hour of the very day when and for the exact amount that was due, but in some respects this strictness has been relaxed, as will be observed by an examination of the cases. Indeed, a change in the statute has modified the rule. The question is fully discussed in *McGlynn* v. *Moore,* 25 Cal. 384, *Gage* v. *Bates,* 40 Cal. 384, and *O'Connor* v. *Kelly,* 41 Cal. 432, but in no decision in the state has it been held, under like conditions as those involved herein, that a request or demand for the rent is not required before a suit can be maintained for a forfeiture of the lease.

In 24 Cyc., p. 1354, the rule is stated as follows: ''Ordinarily a demand of performance is necessary after the lessee's breach of a covenant to pay taxes or assessments or a failure to pay rent before the lessor can declare a forfeiture. However, the common-law necessity for a demand of rent may be obviated by a statute providing otherwise, by provisions in the lease dispensing with a demand, or by acts of the tenant amounting to a waiver.''

It is not contended by appellant that the lease contains any provision dispensing with a demand or that there has been any waiver on the part of the lessee, but the claim is made that the action was brought under section 793 of the Civil Code and that this section authorizes recovery without any demand or request for the payment of the rent. The language of the section is: ''An action for the possession of real property leased or granted, with a right of re-entry, may be maintained at any time, after the right to re-enter has accrued, without the notice prescribed in section seven hundred and ninety-one.'' We think, however, respondent is right in his contention that ''appellant has fallen into the error of confusing the *notice* prescribed in section 791 with the *demand* required by law before a forfeiture can be declared. Section 791 of the Civil Code provides, 'Whenever the right of re-entry is given to a grantor or lessor in any grant or lease or otherwise, such re-entry may·be made at any time after the right has accrued upon three days' notice, as provided in

sections 1161 and 1162 of the Code of Civil Procedure.' Section 1161 of the Code of Civil Procedure provides that a tenant in default for nonpayment of rent is guilty of unlawful detainer after three days' notice to pay the same or surrender possession. Section 1162 provides the manner of service of such notice. Neither section 791 nor 793 of the Civil Code changes the common-law rule requiring a demand for the rent before a forfeiture of the tenant's estate can be declared. Section 791 of the Civil Code, in connection with sections 1161 and 1162 of the Code of Civil Procedure, simply gives to the landlord a new and summary remedy unknown to the common law, whereby he can in a summary proceeding recover possession from the delinquent tenant, together with treble damages or rents by way of penalty for the tenant's refusal to quit. But before such summary recovery can be had and such penalties enforced, the statute provides, for the protection of the tenant, the service of three days' notice. Simple demand shall not be sufficient, but notice in writing shall be served on him after default made, which notice must be served at least three days before the summary proceedings can be instituted or maintained. Section 793 of the Civil Code does not dispense with the demand required by law, but merely reserves to the landlord his common-law action of ejectment in addition to his summary remedy under section 791 of the Civil Code. Section 793 of the Civil Code simply makes clear by statute that if the landlord does not desire to avail himself of the summary proceeding provided by the code, it will not be necessary for him to serve three days' written notice; but it does not relieve him from the necessity of making demand, verbal or otherwise, for the rent.'' In other words, the right of re-entry for nonpayment of rent does not *accrue* until a demand has been made for its payment regardless of the section of the code under which the action is brought.

It is manifest that this requirement imposes no hardship upon the landlord, and it is in keeping with the general attitude of the law toward forfeitures. It is a very simple matter to provide in the lease that no demand for rent shall be required, or if this is not done it should not be considered a very grievous burden to exact of the landlord a request of the tenant for the payment of the rent before depriving him

of his possession.   It is true that the statute does not expressly require this demand, but it is affirmed by the authorities to be a just and equitable prerequisite to the enforcement of the drastic penalty of forfeiture and we think it should be left undisturbed until the legislature has clearly spoken to the contrary.   Appellant, speaking of his contention, admits that "We are somewhat embarrassed by a contrary ruling in *Sauer* v. *Meyer,* 87 Cal. 34, [25 Pac. 153], and in *Ciapusci* v. *Clark,* 12 Cal. App. 53, [106 Pac. 436]," but he thinks they should not be followed.   The suggestion, however, is not inappropriate that appellant could easily have followed the doctrine of those cases in preparing the lease or in making the demand before bringing suit, and thus have saved himself unnecessary trouble and expense.

We think the judgment should be affirmed, and it is so ordered.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1912.