[Civil No. 1669.   Filed May 3, 1919.]

[180 Pac. 528.]

MAMIE LEE WAHLSTROM and MAMIE LEE WAHL-STROM, Executrix With the Will Annexed of the Estate of JOSEPH WAHLSTROM, Deceased, Appellant, v. WILLIAM C. CHRISTY, by LLOYD B. CHRISTY, His Attorney in Fact, and SHIRLEY CHRISTY, Appellees.

1. LANDLORD AND TENANT—FORFEITURE OF LEASE—NONPAYMENT OF RENT—WAIVER.—Where a landlord extended time for payment of rent falling due on a specific date, without definite limit, and did not give the lessee any notice that the time of such extension had expired, or make demand for payment thereof after granting such extension, such conduct amounted to a waiver of any forfeiture for the nonpayment of that particular rent.

2. TIME—COMPUTATION OF DAYS—LEASES—FORFEITURE FOR NONPAYMENT OF RENT.—In view of Civil Code of 1913, paragraph 663, pro-

viding for computation of time by excluding the first day and including the last, and paragraph 1552, providing that when a tenant shall be in arrears for neglect or refusal to pay rent for five days after the due date, the landlord shall have the right to re-enter and take possession of the leased premises, a lease may not be declared forfeited where rent was due November 1st, until after the close of the business day of November 6th.

[As to acts showing election to forfeit lease, see note in 26 Am. St. Rep. 912.]

APPEAL from a judgment of the Superior Court of the county of Maricopa. R. C. Stanford, Judge. Reversed.

Mr. B. E. Marks, for Appellant.

Mr. G. J. Stoneman, for Appellees.

BAKER, J.—This is an action brought by Mamie Lee Wahlstrom in her individual capacity and as executrix of the estate of Joseph Wahlstrom, deceased, plaintiff, against William C. Christy, by Lloyd B. Christy, his attorney in fact, and Shirley Christy, defendants, to recover $5,276.74, alleged to be damages sustained through the act of defendants in terminating a lease entered into between defendants and deceased during his lifetime of certain premises described as the S. 1/2 of the N. 1/2 of the S. E. 1/4 and S. 1/2 of the S. E. 1/4 of the N. E. 1/4, of section 1, township 1 north, range 2 east, G. & S. R. B. & M., Maricopa County.

The lease is set out in the complaint. It is for three years from November 1, 1916, to November 1, 1919. The rent is made payable semi-annually in advance on the 1st days of May and November of each year. The complaint shows that the rent due on November 1, 1916, was paid; that the defendants extended the time for payment of the rent due on May 1, 1917; that the lessee, Joseph Wahlstrom, died September 8, 1917; and that the plaintiff was appointed and qualified as executrix of the estate of said deceased on November 1, 1917. The complaint further shows that on November 5, 1917, the defendants declared the lease forfeited for non-payment of rents.

The defendants interposed a plea in bar to the complaint, for that it appears from the complaint that the rent due on May 1, 1917, and also the rent due on November 1, 1917, had

not been paid, and that the defendants had availed themselves of the right by law to re-enter and take possession of the premises upon the nonpayment of such rents. The court entered an order sustaining the defendants' plea in bar, from which order the plaintiff brings this appeal.

Counsel for the respective parties entered into the following stipulation, which was approved by the court:

"It is stipulated by and between the respective counsel herein that the court in passing upon the plea in bar interposed by the defendants in their answer had nothing before him but the pleadings in the case, no evidence having been taken by the court on the plea in bar. The court sustained the plea after argument of counsel, which argument was confined to one point, viz.: The right of the defendants to declare a forfeiture of the written lease and to take possession of the leased premises in question on November 5, 1917, for the failure to pay rent as disclosed in the complaint."

It will thus be seen that the only question for determination is:

"Did the defendants have the right to declare a forfeiture of the written lease and to take possession of the leased premises in question on November 5, 1917, for the failure to pay the rents as disclosed in the complaint?"

It is set forth in the complaint that the defendants extended the time for the payment of the rent which fell due on May 1, 1917. For what length of time, the extension was granted is not stated. It is not claimed that the defendants ever gave the lessee any notice that the time of such extension had expired, nor was any demand made upon the lessee for the payment of this rent after such extension had been granted. We think this conduct amounted to a clear waiver of any forfeiture for the nonpayment of the rent due on May 1, 1917. The right to declare a forfeiture is for the benefit of the lessor and may be waived by him. The general rule announcing what conduct upon the part of the lessor will amount to a waiver of a forfeiture is thus stated in 24 Cyc. 1360:

"Any act of the lessor done with the knowledge of a cause of forfeiture by the lessee affirming the existence of the lease and recognizing the lessee as his tenant is a waiver of such forfeiture. And inasmuch as forfeitures are not favored, slight acts will be construed as a waiver of the forfeiture."

And there are cases which directly hold that a lessor who extends the time for the payment of rent waives the right to declare a forfeiture for the nonpayment of such rent. *Lewis* v. *Ocean Nav. etc. Co.*, 125 N. Y. 341, 26 N. E. 301; *Sauer* v. *Meyer*, 87 Cal. 34, 25 Pac. 153.

The next rent payment, according to the lease, was due November 1, 1917. The lessee (Wahlstrom) died on September 8, 1917. The plaintiff was appointed and qualified as the executrix of the estate of said deceased on November 1, 1917. Assuming that it was the duty of the executrix to pay the rent due November 1, 1917, yet she had all of the fifth day of November and the business day of November 6, 1917, in which to pay it under the express provisions of section 1552:

"Whenever any tenant shall neglect or refuse to pay his rent when the same shall be due and said rent shall be in arrears and unpaid for *five days* thereafter. . . . "

Section 693 of the Civil Code provides:

"The time in which any act provided by law is to be done is to be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded."

Clearly the re-entry on November 5, 1917, was premature Having determined that the re-entry was premature, it is unnecessary for us to determine the question, vigorously argued by counsel on both sides, whether or not a landlord is required to make a demand for the rent before exercising the right to declare the lease forfeited and re-enter the leased premises for nonpayment of rent. The defendants did not have the right in either event to declare a forfeiture of the lease on November 5, 1917, and so the question of a demand is immaterial so far as the disposition of this appeal is concerned.

The order sustaining the plea in bar must be reversed, and it is so ordered.

CUNNINGHAM, C. J., and ROSS, J., concur.