[Civil No. 1831.  Filed July 5, 1921.]

[199 Pac. 122.]

WILLIAM C. CHRISTY, by LLOYD B. CHRISTY, His Attorney in Fact, and SHIRLEY CHRISTY, Appellants, v. MAMIE LEE WAHLSTROM and MAMIE LEE WAHLSTROM, Executrix With Will Annexed of the Estate of JOSEPH WAHLSTROM, Deceased, Appellee.

1. LANDLORD AND TENANT—LESSOR'S NOTICE TO LESSEE HELD NOT TO PROVE RE-ENTRY MORE THAN FIVE DAYS AFTER DEFAULT IN PAYMENT OF RENT.—In lessee's action for premature termination of · lease, lessors' letter to lessee stating that "I have terminated this lease for failure to pay rentals due," sent more than five days after the lessee's default in payment of rent, *held* insufficient, taken in connection with lessor's answer alleging that they had "elected to terminate said lease without the necessity under the laws of Arizona of making any demand for said rentals or giving notice of their intention to terminate said lease," to prove that lessors re-entered premises within five days after default in payment of rent in violation of Civil Code of 1913, paragraph 1552, authorizing landlord to re-enter and take possession where a tenant

shall be in arrears in the payment of rent for five days after due date, since re-entry is not the same thing as notice, but is a fact independent thereof, and can take place without notice or before or after notice, and since it was apparent from the notice so sent that the re-entry had taken place prior thereto.

2. APPEAL AND ERROR — APPROVED VERDICT SUPPORTED BY EVIDENCE CONTROLS ON APPEAL.—Where there is evidence to support jury's finding, and the question has been presented to the presiding judge in the form of a motion for new trial and denied, the verdict controls on appeal.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. George J. Stoneman, for Appellants.

Mr. B. E. Marks, for Appellee.

ROSS, C. J.—This suit was begun by Mamie Lee Wahlstrom, as executrix of her husband's will, and as sole legatee thereunder, against the Christys, charging them with prematurely terminating a three-year lease of thirty acres of land, to her damage in the sum of $5,276.74. The complaint sets out the lease and its terms, and alleges that the rent was to be paid semi-annually on the first day of November and the first day of May; that the first payment, due November 1, 1916, was paid; that the second payment, due May 1, 1917, was not paid when due because the lessor had waived the payment on that date and had extended the time in which it could be made; that the rent due November 1, 1917, was not paid on that date, and had not been paid at the time of filing suit January 30, 1918; that defendants, on November 5, 1917, wrote plaintiff a letter advising her, among other things, that they had terminated lease on said thirty acres on account of unpaid rents, and had since said date refused her possession of the premises. The defendants, among other things, answered the

complaint by what is designated a "plea in bar," as follows:

"The plaintiff left the city of Phoenix on the fifth day of November, 1917, without paying the defendants, or any of them, or offering to do so, any of the rentals so due under the terms of said lease on the first day of November, 1917; that more than five days have elapsed since said rentals were due and unpaid, and that defendants, for the reason that said rentals were due and unpaid, elected to terminate said lease without the necessity under the laws of Arizona of making any demand for said rentals or giving notice of their intention to terminate said lease."

Without any evidence, but solely upon the complaint and plea in bar, the court decided the case against plaintiff. She appealed the case to this court (20 Ariz. 331, 180 Pac. 528), and the lower court was reversed, we holding: (1) That the re-entry, having been made according to the pleadings on November 5th, was premature; that under paragraph 1552, Civil Code, providing that where a tenant shall be in arrears in the payment of rent for five days after due date the landlord may re-enter and take possession, means five full days, excluding the first or due date, and that a re-entry on the fifth day was premature; and (2) that no forfeiture could be declared for the unpaid May rent after the lessors had granted an extension of time in which such payment could be made.

The case was remanded and was retried upon the same pleadings before a jury. The jury found the issues in favor of plaintiff, and assessed her damages at $2,000.

The defendants have made a number of assignments of error, but the point urged in the argument and brief is that the evidence shows that the re-entry was made, not on the fifth day of November, but on the

7th, and. was therefore not premature, more than five full days having intervened from due date of rents November 1st, and the re-entry, November 7th.

Their contention that the re-entry was on the 7th and not the 5th was presented at the jury trial for the first time, and is based upon the date of the mailing and delivery of notice of termination of lease, and not upon the date of such notice. The notice was in the form of a letter from defendants to plaintiff, dated Phoenix, Arizona, November 5, 1917. The letter was addressed to the plaintiff at Phoenix, Arizona, and was posted, according to the canceled stamp, .on November 7th, at 12:20 o'clock P. M. It was forwarded to plaintiff at San Diego, where she had gone for rest and vacation, at which place it arrived November 9th, at·1 o'clock P. M.

The trouble with defendants' argument is that they assume that the notice and re-entry are the same thing, or at least that the re-entry could not have occurred until plaintiff had notice thereof. The physical taking possession of premises, or of re-entry, is a fact independent of notice to that effect. It could take place without notice or before or after notice. The date of the notice and the phraseology used in it would, of course, be some evidence of whether possession had already been taken· or whether it was intended to be taken. Defendants' letter stated, "I am advising you that I have terminated this lease for failure to pay rentals due." This language imports a completed, finished act, and, when taken in connection with defendants' answer, in which it is·asserted that the defendants had "elected to terminate said lease without the necessity under the laws of Arizona of making any demand for said rentals or giving notice of their intention to terminate said lease," would certainly be very substantial evidence that the re-entry had been made on *or* before the day of the date

of such letter. The effective date of a letter often is when it is posted, as in contracts, but that cannot be true where the letter relates something that has already been done or something the writer intends to do. Besides, it will be observed that the defendants "elected to terminate said lease without . . . giving notice of their intention to terminate said lease."

This language is part of the answer of defendants, and it says defendants terminated the lease without any notice of their intention to do so. If that be true, the letter in question was not intended to notify the plaintiff that her lease would be declared forfeited on account of failure or neglect to pay rent, but was a statement that her lease had already been terminated on that account. At all events, the question was submitted to the jury upon instructions of which no complaint is made, and they found against the defendants' contention, and we think there is evidence to support such a finding. Such being the case, the jury's verdict is regarded as controlling, especially where the question has been presented to the presiding judge in the form of a motion for new trial and denied.

It is shown by the pleadings that the lessor defendants did not demand the payment of the rent, and it was insisted at the trial by the plaintiff that the lessors could not lawfully re-enter and take possession without formal demand. The trial court refused to instruct the jury upon the question, and did not pass upon it. Both the parties have argued the point to the court in their briefs, but we do not find it necessary to decide whether a formal demand of rent in arrears or for possession is essential under paragraph 1552 before the plaintiff may lawfully re-enter and take possession. The case was tried and submitted to the jury upon the theory that the defendants had

prematurely re-entered and taken possession of the premises, and that being decided against the defendants·entitled the plaintiff to whatever damages she sustained by reason thereof.

We think this disposes of all the questions involved except one directed against the conduct of the attorney for plaintiff in his argument to the jury. The court, upon request or its own motion, read to the jury, as one of its instructions, a portion of paragraph 1552, Civil Code, and the attorney for plaintiff was attempting to explain or construe this instruction when defendants objected. The court seemed to think that plaintiffs' counsel was not far amiss, as he said:

"I am trying to help your statement, so we will be traveling the same road in endeavoring to follow the law."

A close examination of the language fails to convince us that it is of that character that should require a reversal of the case.

The judgment of the lower court is affirmed.

BAKER and McALISTER, JJ., concur.