[Civ. No. 6137. First Appellate District, Division One.—February 7, 1928.]

THOMAS LYDON, Respondent, v. MAUDE BEACH et al., Appellants.

Wm. U. Handy and W. H. Thomas for Appellants.

Joseph Scott and Harold P. Huls for Respondent.

WELCH, J., *pro tem.*—Action for damages for assault and battery by appellants on the respondent and for exemplary and punitive damages.

The court rendered judgment for $297 actual damages and $500 by way of exemplary and punitive damages. A motion for a new trial was made and denied. The appeal is from the judgment upon the judgment-roll and a bill of exceptions.

The complaint alleges that appellants Jefferson J. Loque and Myers on August 28, 1923, violently and maliciously assaulted respondent; that they beat, kicked, choked, and struck him numerous blows; that they bit his right ear and bruised him upon his body, neck, hip, and person; that each and all of said acts were done by said Loque and Myers under the direction and authority and at the request of their co-defendant Mrs. Beach Loque (whose name was Maude Beach at the time of the alleged battery); that each of said acts was done through ill will and malice toward respondent.

The appellants answered separately. Mrs. Loque denied specifically the allegations of the complaint. Myers denied specifically the allegations of the complaint and set up as a separate defense that the respondent on the occasion alleged in the complaint first wilfully and without just cause or any cause violently assaulted him; that he, Myers, resisted said assault, using only such force as was necessary to repel respondent, to wit, that he held respondent so that respondent could not strike or kick him and carried respondent from the room in which the assault took place. In addition to his answer Myers in a so-called cross-complaint claimed damages against respondent in the sum of $510. Appellant Loque in his answer denied making an assault upon respondent and set up as a separate defense that on August 28, 1923, respondent was unlawfully on certain premises and in the house of Mrs. Beach (whom he afterward married), in the city of Los Angeles; that Myers and he were guests of Mrs. Beach; that respondent was requested to leave said house and premises, but that said

respondent refused so to do, but, on the contrary, violently assaulted Myers; that he, Loque, went to the assistance of Myers and that he used such force only as was necessary to resist said assault of respondent, to wit, that he and Myers seized respondent so that he could not strike or kick them and carried respondent from the room in which said assault took place.

We have thus set forth the essential averments of the pleadings of the parties for the purpose of showing that the findings of the court based upon contradictory evidence dispose of all the contentions of appellants here made with the exception of one or two points which will hereafter be reviewed.

The decision of the court found generally that each and every allegation of the complaint is true and that each and every allegation of the cross-complaint of Myers and each and every allegation of the separate defense of Loque is untrue. Besides these general findings the trial court specifically found that Loque and Myers assaulted respondent, beat, kicked, and choked him, bit his ear and bruised his body, neck, hip, and person, all under the direction and authority of Mrs. Beach, now known as Mrs. Loque; that each and all of said acts done by appellants was done through ill will and malice toward respondent; that respondent did not make any assault upon appellants or any one of them and that respondent was in the lawful possession of the house and premises of Mrs. Beach on August 28th, the day and on the occasion of the assault.

We have examined the evidence brought up in the bill of exceptions and find that it is sufficient to support the decision.

The finding of the court that respondent was lawfully in the possession of the house and premises of Mrs. Beach at the time of the assault is seriously attacked by appellants. While the court believes that the finding is binding on the parties and on this court, nevertheless we will briefly review the documentary evidence entering into the finding.

The respondent held a written lease from Mrs. Beach on her house and premises, commencing January 24, 1923, and ending January 23, 1924. The lessee went into possession under the lease on January 24, 1923, and almost from the beginning mutual dissatisfaction existed between lessor and

lessee. Finally, on or about August 10, 1923, the parties to the lease had a further dispute about the payment of the rent and the condition of the house and premises. The lessee continued in possession of the premises until August 27th, when on that day appellants entered the house in the absence of respondent, but while his wife was in the house, by removing a screen on the front window, and thereupon proceeded to remove, and did remove, all the furniture and belongings of respondent from the house to the adjacent lawn. Respondent returned to the house later in the day and he and his wife stayed in the house that night. On the next day the respondent was by physical force removed from the house, as found by the trial judge. The respondent returned to the house and remained there until August 31st, when he vacated the premises.

The contention of appellants that the lease was canceled by a mutual oral agreement of the parties so as to take the case out of the operation of section 1698 of the Civil Code cannot be sustained.

Respondent testified that in the conversation between him and Mrs. Beach on August 10th, Mrs. Beach said, "Why don't you get out if you are not satisfied?" and I said, "That suits me fine. When I use up the money already paid you I will move out at the end of the month (August 23d)." The money here referred to was $60, the amount of one month's rent, which, under the terms of the lease, was paid to Mrs. Beach in advance. This money was then in her hands, unused and unapplied. It is not clear from Mrs. Beach's testimony that she agreed to the proposal. Three days after she caused to be served on respondent a notice intended to be the three days' notice required to be given to entitle a landlord to possession in case of default in the payment of rent. Again, on August 27th when respondent offered her $6 for rent for the three days he had been in possession since August 23d, she refused to receive it unless he would pay the whole month's rent. There was no mutual agreement to cancel the lease. Certainly the lessor never agreed to release respondent from his obligations under the lease. Whatever the conversation may have been between the parties to the lease, it is clear that one of the things proposed to be done by respondent was that he would quit the possession of the premises at the end of the fiscal

month. On August 28th, the day of the assault, he was in possession of the premises, in possession under his only right to the possession, the lease. It follows that his oral promise to quit was not executed and was of no effect (sec. 1698, Civ. Code) and was without consideration.

In any event, on August 28th, the day of the assault, respondent was in default in the payment of his rent. His lease provided, and he agreed, that in case he should at any time be in default in the payment of his rent, then it shall be lawful for the lessor to re-enter the premises and remove all persons therefrom. But this covenant in the lease does not justify the landlord in re-entering and dispossessing the tenant until the landlord shall have given a three days' written notice to the tenant to pay the rent or else quit the possession. (Sec. 791, Civ. Code.) Was this three days' notice given? It was not. The notice given and served on August 13th was of no effect for the reasons: (1) That notice demanded the payment of $60 for rent from ''the 24th of June, 1923, to the 24th of July, 1923.'' It is conceded that that month's rent had been fully paid and that there was nothing due therefor. This notice was insufficient as a demand for the rent from July 24th to August 24th, even if it be conceded that such rent was unpaid and due. (2) The rent was fully paid to August 24th with the extra $60 of respondent's money which Mrs. Beach had in her hands at that time. The notice of August 13th, even if sufficient in form, was prematurely given and served.

The three days' notice conferring on the landlord the right to re-enter and remove his tenant on the ground that the tenant is in arrears of rent must be given *after* the rent is due or the breach of the lease is made. (Sec. 791, Civ. Code; secs. 1161 and 1162, Code Civ. Proc.; *Mossi* v. *Fairbanks,* 19 Cal. App. 355 [125 Pac. 1071]; *J. B. Hill Co.* v. *Pinque,* 179 Cal. 759 [3 A. L. R. 669, 178 Pac. 952].)

Even on the theory that respondent was unlawfully in possession of Mrs. Beach's property on August 28th, at the time of the assault, appellants are not entitled to a reversal of this case on the ground that Mrs. Beach had the legal right to enter and remove respondent therefrom by physical force. Appellants pleaded no such justification for the assault made upon the respondent and Mrs. Beach forbade both Myers and Loque to remove respondent from

the property by physical force. The evidence shows, and the trial court found, that the force used was greater than was necessary to evict respondent from the premises.

The only remaining point is that the court erred in denying a new trial on the ground of newly discovered evidence. The matter set forth in the affidavits upon which the appellants base their motion for a new trial, if true, would tend to impeach the testimony of respondent and his witnesses. Counsel for appellants state in their opening brief that these "affidavits were offered for the purpose of impeaching the testimony of Mr. and Mrs. Lydon and discrediting the testimony of Marjory Watson." Appellate courts will not disturb the order of the lower court denying motion for a new trial based on newly discovered evidence where the evidence is of an impeaching character only. (*Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891].) Besides, in this case, there were counter-affidavits contradicting the affidavits upon which the motion was based. Under the well-known principle the trial court's conclusion on such conflict will not be disturbed. (*Waer* v. *Waer*, *supra*.)

Judgment and order appealed from are affirmed.

Koford, P. J., and Sturtevant, J., concurred.