GEORGIA PACIFIC RAILWAY CO. *v.* JOHN R. BAIRD.

1. EVIDENCE. *Practice. Date of injury.*

When the plaintiff's witnesses have testified that the injury complained of occurred after the institution of suit, the statement of plaintiff's counsel, by way of objection to a peremptory charge for the defendant, that he had inadvertently questioned them as to a certain year when he meant the year preceding, is without effect, in the absence of the reintroduction of the witnesses.

2. RAILROADS.   *Location of line.   Judicial knowledge.*

  In a suit against a railway company and its receivers, it is necessary to prove that the defendants were operating the line on which the tort complained of was committed, for judicial cognizance of the fact cannot be taken.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

Baird, the appellee, was the plaintiff in the court below; the railway company and others were defendants there.   The opinion sufficiently states the case.

*Van Boddie* and *Yerger & Percy*, for the appellant.

*Frank Johnston*, for the appellee.

TERRAL, J., delivered the opinion of the court.

The Georgia Pacific Railway Company and Spencer, Huidekoper & Foster, receivers, were, in April, 1894, sued by John R. Baird for negligently killing two horses, of the value of $100 each, the property of Baird.   The written complaint filed with the justice of the peace alleged that the killing of the horses occurred in August or September, 1893.   A trial in the justice court, in April, 1894, resulted in a judgment for the plaintiff, whereupon the defendants appealed to the circuit court, and there a trial was had in April, 1898.   At the conclusion of the evidence the court instructed the jury to find for the plaintiff. The evidence showed that the two horses belonging to the appellee were killed in the fall of 1894, by a train running on the line of railroad between Greenville and Winona, near Baird station.

The defendants insisted that the peremptory instruction was wrong, for two reasons: First, because the evidence showed that the suit was instituted several months before the horses were killed, and, secondly, because there was no evidence tending to show that the horses were killed by a train operated by the defendants.   Each of the three witnesses in the case testified that the horses were killed in the fall of 1894,

and as to the infliction of the injury by the defendants the only evidence was that of Walter McLain, who stated he was then, April, 1898, engaged in business as a railroad conductor for the Southern road, and was in the same business in the fall of 1894, and that he was running the accommodation train between Greenville and Winona when the horses claimed by Baird were killed.

When the objections of defendants to the giving of the peremptory instructions were stated, the record recites that "counsel for plaintiff stated to the court that he had inadvertently questioned the witnesses as to the fall of 1894, when the bill of particulars filed showed that the stock were killed in the fall of 1893, and suit was instituted in April or May, 1894." Why plaintiff's counsel did not reintroduce his witnesses, or one of them, to correct the time as to the killing of the horses it is difficult to conceive, and it is equally unaccountable why he failed to prove that the Georgia Pacific Railway Company, or its receivers, were operating the railroad through Sunflower county at the time when the horses were killed.

It is certainly an indisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced, and upon the undisputed facts of this case the plaintiff was not entitled to a judgment.

The contention of appellants, that it was incumbent upon the appellee on the trial of the case to show that the defendants committed the tort complained of, is, we think, well taken. Here there is not a scintilla of evidence that the Georgia Pacific Railway Company, or Spencer, Huidekoper & Foster, receivers, owned or were operating the line of railroad on which appellee's horses were killed.

1 Greenleaf on Evidence, sec. 6, says: "Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." But what person or corporation is or was, at some prior time, operating a line of railroad is not, we think, a matter of that kind. Railroads and their ordinary franchises may be sold under execution, and

the operation and ownership of railroads change hands quite often by authority of law, and we perceive no necessity or propriety in courts assuming knowledge of such matters. We judicially know that the Georgia Pacific Railroad Company was incorporated in 1882, and that it was authorized to construct a. road from Aberdeen or Columbus, Miss., to the Mississippi river, but we cannot judicially know that. such line of road was laid out through Sunflower county.

*The judgment of the circuit court is reversed and the case is remanded.*