182 P.2d 102

**BUTTERFIELD v. DUQUESNE MINING CO.**

No. 4916.

Supreme Court of Arizona.

June 30, 1947.

30

A. E. Butterfield, in pro. per., and Gordon G. Aldrich, of Tucson, for appellant.

Fred W. Fickett, William S. Dunipace, and Robert S. Tullar, all of Tucson, for appellee.

STANFORD, Chief Justice.

For convenience herein we will term the appellant and appellee as plaintiff and defendant, respectively, as they were styled in the trial court.

Plaintiff sued defendant for rent due, for restitution of the premises and for damages. Plaintiff had two written leases from his landlord for the premises located at 128 North Church Street, Tucson, Arizona, one lease being from January 9, 1945 to January 9, 1946, the other lease being from January 9, 1946 to January 9, 1950. Plaintiff took possession of the premises January 9, 1945.

On February 20, 1945, plaintiff subleased a portion of the premises described to defendant Duquesne Mining Company, a co-partnership composed of J. H. Byrd, A. R. Byrd and C. O. Byrd, the premises subleased being three rooms with certain other privileges. The lease to defendant covered a period from March 1, 1945 to January 1, 1950, at the monthly rental of $75, payable on the first day of each and every month. A condition of the sublease was that the de-

fendant lessees of same from this plaintiff, were subject to all of the terms, covenants and conditions contained in the two leases from the owners of the property to the plaintiff herein.

Also, the defendant agreed by such lease that at the expiration or termination of the term of the lease between this plaintiff and these defendants, or at the expiration or termination of the original lease between this plaintiff and his two lessors, peaceable possession of said premises would be given to the plaintiff herein.

Rent was promptly paid on the first of the month, as called for in the lease, for the months of March and April, but, as we find from the records, the July rent was not paid until the 7th day of the month; the September rent was not paid until the 8th day of the month; and the October rent was not paid until the 24th day of the month. There were no objections made nor exceptions taken to the lateness of the payment of this rental which was partly due to the fact that there had to be an adjustment of the utility bills between the parties, which bills didn't arrive promptly on the first of the month. On November 8, 1945, plaintiff gave notice to the defendants to vacate the premises, the notice reading to vacate "on or before the 20th day of November, 1945, for the reason that the rental due for said premises on November 1, 1945, has not been paid, and more than five (5) days has elapsed since such rental was due and payable, and the undersigned (being the plaintiff) has elected, by reason thereof, to terminate your tenancy."

Prior to the giving of the notice to vacate, the plaintiff had not notified the defendants that thereafter he was going to insist on the rent being paid strictly in accordance with the terms of the lease.

The case was tried before the court without a jury and judgment was rendered for defendants. No findings of fact were requested or made. From the judgment rendered, the plaintiff has appealed.

The questions presented by this appeal are: (1) Did plaintiff waive his right to commence this action by the acceptance of rent payments at various dates beyond the due date? (2) Could plaintiff cancel defendants' sublease by termination of his lease with the original lessors? (3) Was the plaintiff barred in bringing this action because he was neither in possession, nor had a right to possession, due to the fact that he had terminated the lease and surrendered possession of the premises before the action was brought?

Some excuse was made because the delay in paying the rent was brought about by the necessity of waiting for information as to utilities and janitor service. The plaintiff herein did not know the amount of such additional sums until after the time for payment of rent and the habit was established for the payment of the rental

later. Whatever might be the cause, if the time for payment was changed, which it was in this case, that relieved the defendants from making payment of rental promptly and the only way the plaintiff could overcome that would be to exact of the defendants by notice far enough ahead that rental after a certain time, should be paid promptly as agreed in the lease. This was not done, however, up to the time notice to vacate was sent.

Both of the leases given to the plaintiff herein by the original lessors contained this clause: "It is further understood that the party of the second part is granted the right to sublet or assign the herein-described premises, or any part thereof, to parties using said premises, or any part thereof, for professional purposes only."

The lease from this plaintiff to these defendants contained this clause: "The said party of the second part further covenants and agrees with the said party of the first part that at the expiration or termination of this lease, or of the said two leases above described and referred to, whichever is the earlier in time, peaceable possession of said premises shall be given to the party of the first part herein. * * *"

The general rule on this subject is well stated in 16 R.C.L. Landlord and Tenant, Sec. 653: "The most familiar instance of the waiver of the forfeiture of a lease arises from the acceptance of rent by the landlord after condition broken, and it is a universal rule that if the landlord accepts rent from his tenant after full notice or knowledge of a breach of a covenant or condition in his lease for which a forfeiture might have been demanded, this constitutes a waiver of forfeiture which cannot afterward be asserted for that particular breach or any other breach which occurred prior to the acceptance of the rent. In other words, the acceptance by a landlord of the rents, with full knowledge of a breach in the conditions of the lease, and of all of the circumstances, is an affirmation by him that the contract of lease is still in force, and he is thereby estopped from setting up a breach in any of the conditions of the lease, and demanding a forfeiture thereof. * * *"

Both parties to this case have thoroughly presented their views on this court's case of Wahlstrom v. Christy, 20 Ariz. 331, 180 P. 528, 529. From that case we quote: "It is set forth in the complaint that the defendants extended the time for the payment of the rent which fell due on May 1, 1917. For what length of time, the extension was granted is not stated. It is not claimed that the defendants ever gave the lessee any notice that the time of such extension had expired, nor was any demand made upon the lessee for the payment of this rent after such extension had been granted. We think this conduct amounted to a clear waiver of any forfeiture for the nonpayment of the rent due on May 1, 1917. * * *"

Appellant claims that there is no application of the Wahlstrom case to the instant case, his claim being that a definite grant of extension of time was made in that case for the payment of the rent, while in the present case there was no definite extension of time for such payment. This court holds that by the manner in which payments were withheld until a later date, and then paid, which was for the accommodation of the plaintiff more than the defendants, that there was an implied extension of time to pay the rentals due.

■ As to the second issue before us, the general rule on this subject is well stated in 32 Am.Jur., Landlord and Tenant, Sec. 425: "Surrender of Lease.—The surrender of a lease by a lessee to his lessor, after a sublease, will not be permitted to operate so as to defeat the estate of the sublease. * * *"

This rule is supported by a great many cases, including Mitchell v. Young, 80 Ark. 441, 97 S.W. 454, 7 L.R.A.,N.S., 221, 117 Am.St.Rep. 89, 10 Ann.Cas. 423, from which case we quote: "* * * he (sublessor) cannot by a surrender of the leased premises to the lessor defeat the rights of his undertenant. The interests of the undertenant will continue as if there had been no surrender, the owner of the property becoming the direct landlord of the undertenant. The lessee could only surrender what belonged to him, and, having sublet

part of the property, it is not his to surrender."

■ As to the third question, plaintiff justifies his right to commence this action under Sec. 27-1215, A.C.A.1939, reading as follows: "Summary proceedings by landlord.—(a) Whenever a tenant shall neglect or refuse to pay his rent when due and in arrears for five (5) days, or whenever any tenant shall violate any of the provisions of his lease, the landlord or person to whom said rent is due, or his agent, may re-enter and take possession, or, without any formal demand or re-entry, commence an action for the recovery of the possession of said premises."

In particular plaintiff bases his right on the words therein "or person to whom said rent is due" his claim being that the rent is due him. The record shows that the plaintiff surrendered possession of the premises on November 1, 1945. He brought his action on the following December 27th. He was no longer the landlord or one entitled to commence action under Sec. 27-1215, supra.

We quote from 36 C.J., Landlord and Tenant, Sec. 1823(b): "Of Leased Property or Reversion. Except in a few jurisdictions where he may sue for the use of the purchaser, the original landlord cannot maintain summary proceedings to recover possession after he has conveyed the leased property or transferred the reversion, un-

34

less under the circumstances he has a right to possession, as where the sale remains executory, or by agreement, the right of possession remains in him. * * *"

As our code Sec. 27-1215, supra, under the heading of "Summary proceedings by landlord" states, "the landlord or person to whom said rent is due" may "commence an action for the recovery of the possession of said premises". This definitely does not mean a person who has surrendered possession of the premises and long thereafter brings an action for possession and for rent. The clause "or person to whom said rent is due" might appropriately apply to an assignee of the landlord, but would not apply to one who had surrendered possession of the premises.

Following subdivision (a) of Sec. 27-1215, supra, is subdivision (b) from which we, in part, quote: "Such action shall be commenced in the same manner and be governed by the provisions relating to actions for forcible entry or detainer, * * *".

Therefore, under Sec. 27-1207, A.C.A. 1939, under our forcible entry and detainer law, the plaintiff must have the right to possession before he can maintain his action.

The foregoing general expressions of law ·including those from this state, compel us to ·sustain the judgment.

Judgment affirmed.

LA PRADE and UDALL, JJ., concur.