Boydstun, et al. *v.* Pearson

No. 41561        October 24, 1960        123 So. 2d 621

*R. W. Boydstun*, Louisville, for appellant.

*Henry C. Wood*, Louisville; *Scales & Scales*, Jackson, for appellee.

Lee, J.

The record in this case does not contain all of the pleadings. However, it is clear that John Pearson, on August 2, 1957, filed suit against M. O. Boydstun in the Circuit Court of Winston County to recover on a note of $2,750, executed by the defendant on June 30, 1956, and payable in installments of $150 each beginning on August 20, 1956, and continuing each month thereafter until fully paid. Six of the installments were not due when the suit was filed.

The cause was transferred to the Chancery Court of Winston County on February 21, 1958, although the

record does not show why or at whose instance this was done.

Thereafter, on May 31, 1958, Pearson filed an amended bill, in which he set up the facts in great detail, and in which he particularly alleged that "* * * the Defendant, M. O. Boydstun, executed his promissory note payable to your complainant herein in the principal sum of $2,750 payable in 17 monthly installments of $150.00 each, commencing on August 20, 1956, with the final installment of $200.00 in exchange for the payment of the aforesaid stock now held * * *" He prayed for recovery against Boydstun in the sum of $2,750.

According to the record, on August 11, 1958, Boydstun, in his answer, denied all of the material allegations, and made his answer a cross bill.

The defendant, on September 24, 1958, filed a motion to dismiss the cause as being prematurely filed on the ground that, when the suit was originally brought in the circuit court in August 1957, six installments had not become due and payable.

The record fails to show that the court passed upon this motion. It is not known whether the existence of this paper was ever called to the attention of the court.

At the conclusion of the evidence, the chancellor took the matter under advisement. Subsequently in his findings of fact and conclusions of law, after allowing a credit of $150, he adjudged Boydstun to be indebted to Pearson in the sum of $2,600. The decree was therefore entered for that amount, together with interest at the statutory rate.

Boydstun, on his appeal, assigned and argues only that it was reversible error for the court to render a decree when six installments of the note were not due at the time the suit was originally filed.

It is true that "a right of action must be complete when an action therefor is commenced." Georgia Pacific Railway Company v. Baird, 76 Miss. 521, 24 So.

195. See also Forman v. Miss. Publishers Corporation, 195 Miss. 90, 14 So. 2d 344; Miller v. Fowler, 200 Miss. 776, 28 So. 2d 837. Indeed, the action, at the time of filing, was complete for the twelve installments, which were past due. ██ ██ "Where the instrument is payable in installments at fixed times, each installment becomes due at the time specified." 10 C. J. S., Bills and Notes, Sec. 245 c., p. 738.

██ ██ At 1 C. J. S., Actions, Sec. 127, p. 1393, it is said: "An action commenced before plaintiff's cause of action has accrued is premature and cannot be maintained against objection even though a cause of action thereafter accrues while the action is pending. *The defect may be cured by filing an amended or supplemental complaint after a cause of action has accrued.*" (Emphasis supplied.) ██ ██ When Pearson filed his amended bill on May 31, 1958, all of the installments had then become due and were unpaid. The right of action was then complete for the recovery of the entire indebtedness.

The terms "amended" and "supplemental" seem to be used quite interchangeably when referring to the pleading of a complainant, subsequent to the original bill. In Griffith's Miss. Chancery Practice, 2d Ed. 1950, Sec. 415, pp. 407-8, it is said that the province of a supplemental bill "is to plead new facts that supervene during the litigation and that belong therein, and to so put them on record that thereby the further prosecution of the suit in full justice may be advanced without loss of the proceedings already taken."

It is also pointed out in the foregoing text in Sec. 398, at p. 388, that, under our modern practice, when the bill is amended, generally it is entirely and completely redrawn, and, "in so doing it may be, and oftentimes is, so framed as to abandon and supersede the original bill and become a full and complete substitute therefor * * *"

Obviously the right of action to recover the entire indebtedness was complete when the amended bill was fil-

ed on May 30, 1958. Consequently the cause must be affirmed.

Affirmed.

*Hall, P. J.,* and *Kyle, Holmes* and *McElroy, JJ.,* concur.