470 P.2d 478

**Max E. LANE and Mildred V. Lane, husband and wife, Appellants,**

v.

**Joan T. HOGNASON, a widow, Appellee.**

**No. 2 CA–CIV 769.**

Court of Appeals of Arizona,
Division 2.

June 12, 1970.

Elmer C. Coker, Phoenix, for appellants.

Strickland, Altaffer, Davis & Eppstein, by Dabney Altaffer, Tucson, for appellee.

**332**

HOWARD, Chief Judge.

This is an appeal by the defendants-appellants from (1) a judgment adjudging them to be guilty of forcible detainer, (2) an order of the court denying their motion to vacate or in the alternative to amend the judgment and (3) an order denying their motion for a new trial.

On May 31st, 1966, the appellee, hereinafter referred to as the plaintiff and the appellants, hereinafter referred to as the defendants, executed a mining lease and option covering some 31 unpatented mining claims. During the years 1966, 1967 and 1968 defendants did the annual assessment work required by 30 U.S.C. § 28 on nine of the claims. Although defendants were able to locate the workings on at least one of the remaining 22 claims, they did not do any assessment work whatsoever on any of these 22 claims. In December of 1967 and again in January of 1968, defendants were requested by the attorneys for the plaintiff to do the annual assessment work and file the necessary affidavits of labor. Defendants did not do so and continued to send the plaintiff the monthly rental check of $150.00. This continued until March of 1969 with the plaintiff accepting and cashing the checks. However, after receiving and cashing the March rent, plaintiff filed this suit for forcible entry and detainer. The basis of plaintiff's suit was the failure on the part of the defendants to do the assessment work as required by the lease. Defendants' main defense to this action was their inability to accurately locate the remaining 22 claims.

Defendants' first contention is that the trial court erred in failing to make written findings of fact and conclusions of law pursuant to Rule 52(a) of the Arizona Rules of Civil Procedure, 16 A.R.S. Assuming arguendo that this rule applies to forcible entry and detainer actions brought under A.R.S. § 33–361, the record shows that the court did in fact make findings of fact and conclusions of law but that the same were not reduced to writing. Rule 52(a) of the Arizona Rules of Civil Procedure does not require that these findings of fact and conclusions of law be reduced to writing. The local rules of procedure in some counties of the State, such as Maricopa and Pima Counties, require formalized written findings of fact and conclusions of law. However, no such rule exists in Pinal County and defendants' contention is without merit.

Defendants rely on the defense of impossibility, in order to prevent forfeiture of the lease. Defendants must fail in this contention since the evidence showed that they did find one of the "missing" 22 claims. Defendants could have satisfied the contractual requirements of the lease and also of 30 U.S.C. § 28 by performing the annual assessment work on the one claim that they did in fact find.[1] Hartman Gold Mining Co. v. Warning, 40 Ariz. 267, 11 P.2d 854 (1932).

Defendants next contend that the trial court had no jurisdiction to entertain a forcible entry and detainer action by virtue of the fact that the lease contained an option to purchase, relying on the recent case of Phoenix Sunflower Industries, Inc. v. Hughes, 105 Ariz. 334, 464 P.2d 617 (1970). We do not agree with this contention. The option to purchase granted to the defendants is not a sale of the property, does not create rights in the property and is merely a right to exercise a privilege. It is a contract whereby the landlord agrees that tenant shall have the right to buy the property, if he so chooses, upon the terms set forth in the contract. 51C C.J.S. Landlord and Tenant § 81(2); 91 C.J.S. Vendor and Purchaser § 5.

---

1. 30 U.S.C. § 28, provides that when mining claims are held in common the annual assessment work can be performed upon one claim for the benefit of all the claims. For example, in this case $2,200.00 worth of assessment work could have been performed on the "Brest" claim, the one of the 22 found by the defendants, and this would have enured to the benefit of all 22 claims.

Plaintiff claims that the appellate court has no jurisdiction to entertain this suit because of the failure of the defendants to comply with A.R.S. § 33–361, subsec. C which provides:

"If judgment is given for the plaintiff, the defendant, in order to perfect an appeal, shall execute a bond to the opposite party to pay twice the value of the rent pending the appeal in the event judgment on appeal is against him * * *."

It is undisputed that after judgment was entered in the trial court against the defendants they vacated the claims. Defendants posted the applicable cost bond on appeal. It is our opinion that § 33–361, subsec. C is inapplicable if the defendants are no longer on the premises having removed themselves therefrom. Where the tenant wishes to and does remain in possession of the premises then he must comply with A.R.S. § 33–361, subsec. C.

There is a reason, however, why we must reverse the judgment in this case. Plaintiff's acceptance of defendants' rental check after the plaintiff warned defendants to do the assessment work constituted a waiver of the right to declare a forfeiture for the failure to do the assessment work for the years 1966–1967, 1967–1968. Butterfield v. Duquesne Mining Co., 66 Ariz. 29, 182 P.2d 102 (1947); 51C C.J.S. Landlord and Tenant § 117(4).[2] The plaintiff could not forfeit the lease in March of 1969 for failure to do the 1968–1969 assessment work since defendant still had until August 31, 1969 to do such work.

The prior leniency of the plaintiff in failing to enforce a forfeiture does not preclude her from enforcing a forfeiture for a subsequent similar default, provided she has given reasonable notice or warning of her intention to insist on the performance of the previously breached condition. Mooney v. Weaver, 262 Ala. 392, 79 So.2d 3 (1955); 51C C.J.S. Landlord and Tenant § 117(6).[3]

We note that the lease is for an indefinite term and is, therefore, a tenancy at will and can be terminated at any time by the landlord, subject to the statutory notice requirements. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307 (1935); Johnson v. Simpson Oil Company, 394 S.W.2d 91 (Mo.App. 1965); Gray v. Gray, 205 Or. 116, 286 P.2d 138 (1955); 49 Am. Jur.2d Landlord and Tenant §§ 70, 74; 51C C.J.S. Landlord and Tenant § 156. Further, since the rent in the lease was payable monthly, the tenancy of the defendants was from month to month. Palmer v. Zeis, 65 Cal.App.2d Supp. 859, 151 P.2d 323 (1944). The plaintiff failed to give the ten days notice of termination required by A.R.S. § 33–341, subsec. B prior to institution of the suit.

Since the landlord accepted the rent for the period from February 15th to March 15th, 1969, the tenancy could not have been terminated prior to March 15th. Therefore, the landlord did not have the right to possession at the inception of this action on February 21, 1969. Thus, even under this theory, the suit was fatally defective as premature. Cf. Sutton v. Anderson, 176 Neb. 543, 126 N.W.2d 836 (1964); American Bonding & Trust Co. v. Gibson County, 145 F. 871 (6th Cir. 1906); Boydstun v. Pearson, 239 Miss. 479, 123 So. 2d 621 (1960).

The judgment is, therefore, reversed and the trial court is instructed to enter judg-

2. The assessment year is a fiscal year and commences at 12 o'clock noon on the 1st day of September succeeding the date of location. R.S. § 2324, 30 U.S.C. § 28 (1958). The claim owner has the entire assessment year within which to perform the work, and the work can be performed at any time during such year. Belk v. Meagher, 104 U.S. 279, 26 L.Ed. 735 (1881).

3. Failure to perform assessment work does not automatically forfeit the claim, but merely renders the claim subject to relocation before work is resumed. Cadle v. Helfrich, 36 Ariz. 390, 286 P. 186 1930); Hartman Gold Mining Co. v. Warning, supra.

**334**

ment in favor of the defendants and against the plaintiff.

LLOYD C. HELM, Judge of the Superior Court, concurs.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.

HATHAWAY, Judge (dissenting).

It is my opinion that acceptance of the monthly rental check did not constitute a waiver of the right to declare a forfeiture for non-performance of assessment work. The assumption that the defendant still had until August 31, 1969 to do the work is erroneous. Since the assessment work had not been done for the previous year, the claims were subject to immediate relocation.

The plaintiff need not suffer the risk of someone else relocating the claims after the defendant ignored the admonition to do the assessment work. I believe the judgment should be affirmed.