474 P.2d 839

Max E. LANE and Mildred V. Lane, husband and wife, Appellants,

v.

Joan T. HOGNASON, a widow, Appellee.

No. 2 CA–CIV 769.

Court of Appeals of Arizona, Division 2.

Sept. 25, 1970.

Elmer C. Coker, Phoenix, for appellants.

Strickland, Altaffer, Davis & Eppstein, by Dabney R. Altaffer, Tucson, for appellee.

## ON MOTION FOR REHEARING

**HOWARD, Chief Judge.**

The appellee filed a motion for rehearing. We have denied the motion for rehearing and issue this supplemental opinion.

The facts are as set forth in our original opinion found in 12 Ariz.App. 350, 470 P.2d 478 (1970). We reaffirm all of our reasoning set forth in that case except for that part of the opinion wherein we held that the plaintiff could not forfeit the lease in March of 1969 for failure to do the 1968 through 1969 assessment work since defendant still had until August 31, 1969 to do such work. After reconsideration, we believe that the plaintiff had the right to require the defendants to do the assessment work for the period ending August 31, 1969 prior to said date.

The lease between the parties provides as follows:

"* * * to not allow any person not in privity with the parties hereto to take or hold possession of said premises or any part thereof under any pretense whatsoever * * *. With assessment work done and labor affidavit recorded in due time as required by law."

It is apparent that the above covenants were not to perform a single act but to keep the premises free from relocation. Therefore, failure to do the assessment work constituted a continuing breach of the contract and the general rule is that a waiver of a right of forfeiture for breach of a covenant in a lease does not operate as a waiver with respect to a continuance of the breach, where the breach is a continuing one, and it does not operate as a waiver of the right of forfeiture for a subsequent breach of the covenant. See 49 Am.Jur.2d Landlord & Tenant § 1063; annotated cases 109 A.L.R. p. 1277 et seq.

Acceptance by the plaintiff of the rent for the period from February 15th to March 15th, 1969, does not prevent the plaintiff-landlord from declaring a forfeiture of the lease after March 15, 1969, for failure to do the assessment work, since the breach was a continuing one.

However, even considering the failure to do the assessment work as a continuing breach, the institution of this action by the plaintiff was still premature and not maintainable by plaintiff for the reasons set forth in our original opinion.

Judgment is reversed and the trial court is instructed to enter judgment in favor of the defendants and against the plaintiff.

**HATHAWAY, J., and LLOYD C. HELM, Superior Court Judge, concur.**

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.