499 P.2d 735

Peter R. HOFSTRA, Petitioner,

v.

The Honorable T. J. MAHONEY, Judge of the Superior Court, and Margery E. Hofstra, Respondents.

No. 1 CA–CIV 1999.

Court of Appeals of Arizona, Division 1, Department B.

July 18, 1972.

Rehearing Denied Aug. 29, 1972.

Review Granted Oct. 17, 1972.

Head, Cline & Toci, P. C., by Donald R. Head, Prescott, for petitioner.

James H. Green, Jr., Phoenix, for respondents.

HAIRE, Chief Judge, Division 1.

In this special action proceeding we are asked to decide whether the respondent judge exceeded his jurisdiction by refusing to honor a "Notice of Change of Judge" filed by a party seeking modification of the alimony provisions of a divorce decree previously entered by the same respondent judge.

The relevant facts are as follows. On January 30, 1969, a judgment and decree of divorce was entered by the respondent judge, the Honorable T. J. Mahoney, dissolving the marriage of petitioner and his wife, and awarding monthly alimony to the wife. Approximately three years after the entry of the decree, petitioner filed a petition to modify the alimony provisions of the decree, alleging a material change in circumstances. An order to show cause was signed by the Honorable Jack L. Ogg on January 13, 1972 and was scheduled to be heard on Tuesday, March 14, 1972. On March 2, 1972, the matter was assigned to the respondent judge. On March 6, 1972, plaintiff filed a "Notice of Change of Judge" pursuant to Rule 42(f), Rules of Civil Procedure, 16 A.R.S., requesting a change of judge to some other judge of the Superior Court.[1] On April 5, 1972, an or-

1. The provisions of Rule 42(f), Rules of Civil Procedure, supplementing the pro- visions of A.R.S. § 12–409 relating to change of judge, became effective March

der denying petitioner's motion for a change of judge was entered. This special action followed, and inasmuch as we have decided that the respondent judge acted in excess of his jurisdiction in refusing to honor the notice of change of judge, we have accepted special action jurisdiction.

The right which petitioner sought to exercise in the trial court proceedings is what is generally referred to as the "peremptory" right to disqualify a judge in a pending action. This right has always existed to a limited extent in Arizona under the provisions of A.R.S. § 12–409, subsec. B, par. 5. *See* Murray v. Thomas, 80 Ariz. 378, 298 P.2d 795 (1956); Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955); and Conkling v. Crosby, 29 Ariz. 60, 239 P. 506 (1925). However, prior to the recent enactment of Rule 42(f) by our Supreme Court, A.R.S. § 12–409, subsec. B, par. 5 required the filing of an affidavit alleging bias and prejudice on the part of the judge in order that this "peremptory" challenge might be exercised.[2] Under Rule 42(f) 1 a significant procedural innovation is that a change of judge as a matter of right may now be accomplished by the timely filing of a "Notice of Change of Judge" without any supporting affidavit alleging bias and prejudice.[3] Another problem frequently encountered in exercising the "peremptory" disqualification right under § 12–409, subsec. B, par. 5 was the question of the timeliness of the filing of the affidavit of bias and prejudice, with an untimely filing resulting in waiver. Thus in Marsin, *supra*, the Arizona Supreme Court summarized the then existing case law as follows:

> ". . . but this court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice." 78 Ariz. at 315, 279 P.2d at 725.

Although easily stated, this waiver or timeliness rule was difficult in application and led to much uncertainty and litigation.

---

1, 1972. A.R.S. § 12–409 provides as follows:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

1. That the judge has been engaged as counsel in the action prior to appointment or election as judge.

2. That the judge is otherwise interested in the action.

3. That the judge is of kin or related to either party to the action.

4. That the judge is a material witness in the action.

5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

Portions of Rule 42(f) will be quoted hereinafter as pertinent to the issues raised.

2. Upon the timely filing of the § 12–409, subsec. B, par. 5 "peremptory" type affidavit, the judge could not question the truth of the allegations thereof. As stated in the early decision of Stephens v. Stephens, 17 Ariz. 306, 152 P. 164 (1915): "The truth of the affidavit filed is not what disqualifies the judge, but the affidavit itself."

3. Article VI, § 5(5) of the Arizona Constitution, provides that:

"The Supreme Court shall have:

\* \* \* \* \*

"5. Power to make rules relative to all procedural matters in any court."

A.R.S. § 12–111 provides that:

"All statutes relating to pleading, practice and procedure shall be deemed rules of court and shall remain in effect as such until modified or suspended by rules promulgated by the supreme court."

While it might well be argued that the right to disqualify a judge is substantive and not procedural in nature, there is no need to decide this question since Rule 42(f) has been carefully drafted so as to preserve intact the substantive disqualification provisions of § 12–409, merely making Rule 42(f) of the procedural vehicle for exercising § 12–409 rights. See in particular Rule 42(f) 2 (A).

The provisions of Rule 42(f) 1(C), (D) and (E) which provide explicit standards relating to timeliness and waiver insofar as concerns change *as a matter or right* should go far toward eliminating the prior confusion in this procedural area. *See also,* Rule 42(f) 2(C) relating to timeliness and waivers insofar as concerns a disqualification *for cause.*

This issue of "timeliness" or "waiver" brings us to the central issue involved in this special action proceeding. The pertinent provisions of Rule 42(f) are as follows:

"42(f) *Change of judge.*

"1. *Change as a matter of right.*

"(A) *Nature of proceedings.* In any action pending in superior court, each side is entitled as a matter of right to a change of one judge and of one court commissioner. . . . A party wishing to exercise his right to change of judge shall file a pleading entitled 'Notice of Change of Judge.'

\* \* \* \* \* \*

"(C) *Time.* Failure to file a timely notice precludes change of judge as a matter of right. A notice is timely if filed twenty or more days before the date set for trial. Whenever an assignment is made which identifies the trial judge for the first time or which changes the trial judge, a notice shall also be timely as to the newly assigned judge if filed within ten days after such new assignment and before trial commences.

\* \* \* \* \* \*

"(D) *Waiver.* A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party participates before that judge in:

"(i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits;"

\* \* \* \* \* \*

It is admitted that petitioner fully complied with the procedural requirements of Rule 42(f) 1 *if* the modification proceedings can be considered an "action" within the meaning of Rule 42(f), *and if,* he has not waived his peremptory right by participating before the respondent judge in a prior judicial proceeding "which concerns the merits of the action", contrary to 42(f) 1(D) (i). In our opinion, the Arizona Supreme Court has already provided the reasoning which requires that the modification proceedings be considered not only as an "action" but as an "action" which is separate and apart from the prior proceedings which led to the entry of the original decree.

In Stephens v. Stephens, *supra,* in interpreting the provisions of the statutory predecessor to A.R.S. § 12–409, the court held that an application for increased allowance for support after a final decree of divorce was an independent "civil action" under the above-mentioned statute, allowing either party to have a change of judge upon the mere filing of the peremptory bias and prejudice affidavit. It is true that the facts in that case are somewhat dissimilar to the situation here, in that the petition for modification of alimony was to be heard by both a new judge and a new court by virtue of the abolition of the territorial district court. Nevertheless, the principles enunciated in that case are equally applicable here. Without regard to the fact that an affidavit might be directed to the same judge who heard the original divorce suit, our Supreme Court in Stephens made the following assessment of a petition for change in alimony:

"The proceeding instituted in this case by petition partakes of all the essential elements of a civil action. It is a lawful demand for a legal right in accordance with the procedure prescribed by the statute, and, we think, is one of the kind of civil actions brought in the superior court described and mentioned in paragraph 500, *supra.*" 17 Ariz. at 313, 152 P. at 167.

No similar case has construed the provisions of our new Rule 42(f). However, the pertinent language of this Rule is substantially similar to the language of A.R.S. § 12–409, in that both the rule and the statute refer to an "action". We are of the opinion that the construction placed on the term "civil action" in A.R.S. § 12–409 by the Supreme Court in Stephens is equally applicable to the term "action" in Rule 42(f). In other words, under either the statute or the rule a petition to modify a divorce decree constitutes an action, which under the Stephens rationale is separate and apart from the prior proceeding.

The Stephens analysis is in accord with the decisions of a number of other jurisdictions which hold that a petition to modify a decree of divorce is in the nature of an independent civil action and the parties are entitled to a change of judge from the judge who entered the decree of divorce, upon filing an affidavit of bias and prejudice. State ex rel. Mauerman v. Superior Court, 44 Wash.2d 828, 271 P.2d 435 (1954); Leitner v. Lonabaugh, 402 P.2d 713 (Wyo., 1965); State ex rel. Stokes v. Second Judicial District Court, 55 Nev. 115, 27 P.2d 534 (1933); Price v. Featherstone, 64 Idaho 312, 130 P.2d 853 (1942); Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323 (1952). In the Mauerman case a divorce decree was entered July 1, 1953. On March 22, 1954, the wife filed a petition to modify the custody provisions of the divorce decree, based upon allegations of changed conditions since the divorce. On the same day her attorney filed an affidavit of bias and prejudice. Upon review of the denial of the affidavit, the Washington Supreme Court held as follows:

"A proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. It presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree. It is a 'proceeding' within the meaning of the cited statutes, and

the petitioner is entitled to a change of judges as a matter of right." 271 P.2d at 437.

In Leitner, *supra*, in discussing and ruling on the question of the nature of a proceeding to modify decree of divorce, the court stated:

"In the ordinary case it can readily be seen that after a judgment rendered by the special judge has become final in all respects there would be little occasion for further action to be taken. However, that is not true of a divorce case involving 'the care, custody and maintenance' of children or 'other allowance for the wife.' . . . In such matters, under the statutes, jurisdiction of the court to amend or modify the provisions of the original decree is retained and, as experience has shown, it is a jurisdiction often invoked. *And that jurisdiction is an attribute of the court not to be confused with the acts of a disqualified judge.*

\* \* \* \* \* \*

"Ordinarily the word 'case' would mean an action regularly commenced as a judicial proceeding wherein adverse parties by their pleadings have tendered certain issues for adjudication. We think that is the sense in which the term was used here. The case is tried when those issues are heard and determined and the trial judge fixes the right of the parties by decree.

\* \* \* \* \* \*

"Under previous decisions of this court it has always been held that such a decree will not be modified unless there is a substantial change of circumstances occurring subsequent to the decree. . . . Consequently, a modification proceeding involves new issues framed by facts differing from those existing when the original decree was entered. A new adjudication of the rights of the parties must be made. For all intents and purposes it is a separate and distinct case from the original proceeding. We conclude it should be so treated even though

it is properly docketed in the divorce case." 402 P.2d at 718–719. (Emphasis added).

*See also* 46 Am.Jur.2d, Judges, § 93, p. 159; Annot. 143 A.L.R. 411.

The above quotations illustrate the principles enunciated in all of the above-cited cases, and these principles are consistent with decisions from other jurisdictions which hold that where there is a statute providing that the court, on petition, may modify a decree for alimony, such petition may be filed either in the divorce suit, or as an original independent proceeding. *See* 24 Am.Jur.2d Divorce and Separation, § 692, p. 807.[4] It is also interesting to note that by the insertion of subsection 42(f) 1(E), the Arizona Supreme Court directly overruled its prior decision in State v. Neil, 102 Ariz. 110, 425 P.2d 842 (1967). That provision reads as follows:

"(E) *Cases remanded from appellate courts.* When an action is remanded by an appellate court and the opinion or order requires a new trial on one or more issues, then all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver."

We can find no indication in the Rule of an intent to overrule Stephens, and any such intent would be somewhat anomalous in view of the above-quoted provision concerning new trials. Certainly if the right to change of judge is to be afforded in a new trial where all of the same factual and legal issues are to be relitigated, then that same right ought to be afforded in a modification hearing where *none* of the same issues can be relitigated. The only issues which can be litigated in a modification hearing relate to facts occurring after the original decree or the latest modification hearing. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960); Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949).

Respondents point to only one jurisdiction for authority in support of their position. In Jacobs v. Superior Court, 53 Cal. 2d 187, 1 Cal.Rptr. 9, 347 P.2d 9 (1960), a case involving the guardianship and custody of certain minors, the judge involved had heard a trial in the guardianship matter involving the parties. Subsequently the petitioners filed a motion to modify the custody provisions of the earlier judgment on the ground that there had been a change of circumstances. They also filed a motion to disqualify the judge from hearing their petition for modification. The judge denied their motion to disqualify himself and set the matter for hearing. The court on those facts, stated:

"Such procedure would make it possible for litigants to gamble on obtaining a favorable decision from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." 1 Cal.Rptr. at 11, 347 P.2d at 11.

*See also,* McClenny v. Superior Court, 60 Cal.2d 677, 36 Cal.Rptr. 459, 388 P.2d 691 (1964), which employed the same reasoning, but which is not factually pertinent because it involved contempt proceedings. The reasoning of the Jacobs decision, and in fact the identical quotation from Jacobs, was cited by the Arizona Supreme Court in State v. Neil, *supra,* which, as previously stated, has now been overruled by the provisions of Rule 42(f). In our opinion the "bugaboo" of extensive "judge shopping" will be held in reasonable bounds by the practicalities involved—the high expense which would be incurred in frequently filed modification petitions, and the necessity of showing a change of conditions occurring subsequent to the time of the last filing. To the extent that "judge shopping" to a

---

4. By analogy, a similar concept is embodied in Rule 60(c), Rules of Civil Procedure, which, under circumstances relating to the modification or vacating of other types of judgments, gives the option of relief by motion filed in the original proceeding or by the filing of an independent action.

slight degree might occur in this type of proceeding because of the rule allowing a change of judge as a matter of right, then this is the price which must be paid in order to promote the basic policy which underlies all rules relating to the disqualification of judges—the right of a litigant, insofar as reasonable, to have his rights determined by a judge who, *in the eyes of the litigant,* is free from bias and prejudice.

The relief requested is granted and the respondent judge is directed to assign the modification proceedings to another judge in accordance with the provisions of Rule 42(f), Rules of Civil Procedure.

EUBANK and JACOBSON, JJ., concur.