499 P.2d 740

Marie ROSS, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Morris Rozar, Judge; and Real Party in Interest, Samuel S. ROSS, Jr., Respondents.

No. 1 CA–CIV 2032.

Court of Appeals of Arizona, Division 1. Department B.

July 18, 1972.

Rehearing Denied Aug. 22, 1972.

Review Granted Oct. 10, 1972.

Filler, Paytas, Shannon, Fleming & Stephenson, P. C. by Henry R. Paytas, Phoenix, for petitioner.

Johnson & Shaw by Marvin Johnson, Phoenix, for respondents.

HAIRE, Chief Judge, Division 1.

In this petition for a special action we are called upon to decide whether a party filing a petition for modification of a divorce decree is entitled as a peremptory right to disqualify a judge who heard the original case. Assuming the absence of a peremptory right, a subsidiary issue in this case is whether the filing party waived her right to disqualify the judge *for cause.*

The relevant facts are as follows. On September 16, 1968, the respondent judge,

the Honorable Morris Rozar, heard the divorce action between Marie Ross (petitioner herein and in the Superior Court modification proceedings) and Samuel S. Ross, Jr. (respondent real party in interest herein). A judgment was signed by Judge Rozar on December 3, 1968, granting petitioner an absolute divorce from respondent and entering certain orders for child support and alimony payments. On April 18, 1970, the respondent real party in interest filed the first petition for modification of the original decree. After hearing, an order modifying the original decree was entered on June 8, 1970.

On February 17, 1972, a second petition for modification was filed, this time by *petitioner*, and petitioner's affidavit alleging bias and prejudice was also filed. Petitioner's application for change of judge was denied on May 8, 1972. This special action followed. Petitioner claims that either as a peremptory right or for cause she is entitled to a change of judge.

Because it is our opinion that petitioner was entitled to disqualify the respondent judge as a matter of right, we have not set forth herein the facts relating to petitioner's claimed right to disqualify the respondent judge for cause.

The issues raised in this special action proceeding have been fully discussed and resolved in Hofstra v. Mahoney, 18 Ariz.App. 4, 499 P.2d 735 filed contemporaneously with this opinion. However, inasmuch as Hofstra originated in Yavapai County and these proceedings originated in Maricopa County, it is necessary that we discuss the provisions of Rule XIV(e), Local Rules of Practice, Maricopa County, 17 A.R.S., which read as follows:

"(e) The judge of this court who has presided at the trial on the merits, or has signed a final judgment in a domestic relations matter, will hear all post judgment matters involving modification of the decree and contempt citations."

This rule provides for the routine assignment of these proceedings, and we find no conflict with such routine assignment and with the judge's duty, which subsequently arises when faced with a proper Rule 42(f), 16 A.R.S., change of judge request.

The relief requested is granted and the respondent judge is directed to proceed in accordance with the provisions of Rule 42(f).

EUBANK and JACOBSON, JJ., concur.