502 P.2d 1317

Peter R. HOFSTRA, Petitioner,

v.

The Honorable T. J. MAHONEY, Judge of the Superior Court, and Margery E. Hofstra, Respondents.

No. 11006–PR.

Supreme Court of Arizona, In Banc.

Nov. 16, 1972.

Head, Cline & Toci, P.C. by Donald R. Head, Prescott, for petitioner.

James H. Green, Jr., Phoenix, for respondents.

HAYS, Chief Justice.

This case is before us on a petition for review of a decision of the Court of Appeals reported at 18 Ariz.App. 4, 499 P.2d 735 (1972), granting relief prayed for in a special action before it. The decision of the Court of Appeals is vacated and the special action is dismissed.

On January 30, 1969, Judge T. J. Mahoney granted a divorce to the plaintiff, Peter R. Hofstra, from his wife, Margery E. Hofstra. The decree gave custody of the children to the wife, together with $1,000 per month alimony, title to the home and automobile, and title to Coyote Springs Ranch (worth some $200,000).

On January 13, 1972, the husband filed a petition to modify the decree by providing for an end to the monthly alimony payments, on the ground of change of circumstances since the original decree was entered. The matter was assigned to Judge Mahoney for hearing, upon which the husband filed a request for change of judge under Rule 42(f), Rules of Civil Procedure, 16 A.R.S. Judge Mahoney denied the request. The Court of Appeals, after hearing the special action brought by the husband, reversed Judge Mahoney's decision and directed him to assign the matter to another judge for a hearing on the merits.

The husband and the Court of Appeals both cite Stephens v. Stephens, 17 Ariz. 306, 152 P. 164, in which this Court said, with reference to a petition to modify a divorce decree:

"The proceeding . . . partakes of all of the essential elements of a civil action. It is a lawful demand for a legal right . . . and . . . is one of the kind of civil actions . . . mentioned in paragraph 500 . . ."

"Paragraph 500" refers to the code of 1913 which now appears in A.R.S. § 12–409. Under that law we have consistently held that the filing of an affidavit of prejudice entitled a party to an automatic change of judge—that the affidavit need not be true and was, in effect, a peremptory challenge to the judge. We have also consistently held that once a party has participated in a proceeding affecting the merits of the

case, his right to a change of judge is lost unless actual bias or prejudice is proved.

Rule 42(f) merely codified these holdings, eliminating the fiction of bias and prejudice and making the change automatic on request, without the necessity of any affidavit. Subsection E provides that *on remand after an appeal,* all rights to change of judge are renewed and no event connected with the first trial shall constitute a waiver. In the instant case, this subsection is inapplicable since this is not a new trial after an appeal. The issue, therefore, must be determined by our consistent line of decisions prior to the adoption of Rule 42(f).

We must look, then, to the question of whether the husband waived his right to a peremptory challenge of the judge by trying the original divorce case before him in 1969. We hold that he did. There are two reasons for our conclusion. First, A.R.S. § 25–321 provides:

> "The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

In Blaine v. Blaine, 63 Ariz. 100, 159 P.2d 786, we held that the Superior Court has continuing jurisdiction over the amount of alimony to be paid. In Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433, we said:

> "When an issue develops after final judgment by reason of A.R.S. § 25–321 permitting the modification of a decree, the action for divorce is still pending . . ."

If jurisdiction is retained and the action is still pending for the purpose of permitting the court to modify the final decree, such provisions and holdings would be meaningless unless they meant that petitions for modifications are not independent actions but are merely supplemental proceedings in the original action.

It is clear that it was intended by the legislature that divorce cases remain open, and jurisdiction continues, as long as it is necessary to modify the decree entered. Thus, the present petition to eliminate the alimony is not a *new case.* The husband impliedly recognized this fact when he gave his petition the same title and number as that of the original case. The *Stephens* case, *supra,* may be distinguished by the fact that the original decree was entered by the Territorial Court, which no longer existed when the petition for modification was filed. The opinion in *Stephens* specifically refers to that fact:

> "The judge of the court in which the decree of divorce was granted had ceased to act, by reason of the abolishment of his office, and when the application for an increase of allowance was filed, *it became, as to the judge then presiding, in a sense and so far as his connection with it was concerned, a new and independent cause of action.*" (Emphasis added).

From this it would appear that the prior quotation from the *Stephens* case was dictum. Furthermore, all that the first quotation says is that the petition was a "civil action," not a *new or independent* civil action.

Second, it is obvious that part of the merits of the new petition were ruled on by Judge Mahoney when he determined three years before, what assets were to be divided and what income the husband had. In order to show a change of circumstances, the husband must prove the circumstances *before* as well as after the period between the original decree and the present petition.

The *Stephens* case, *supra,* appears to be the only case in Arizona near the point.

**500**

The husband cites cases from other jurisdictions which support his position. On the other hand, the wife cites Jacobs v. Superior Court of the State of California, 53 Cal.2d 187, 1 Cal.Rptr. 9, 347 P.2d 9, in which the court used the following language.

> "While . . . the modification of the custody provisions of a divorce decree is separate from and has no effect upon the portion of the decree dealing with divorce, the subsequent custody proceedings are nevertheless a continuation of the prior custody portion of the action."

There is, of course, no difference in a petition to modify alimony and one to modify custody, as far as it concerns the question of whether it is a new or independent action. Both are petitions to modify the decree. The above language is directly in point and, to us, represents the more logical view. Any other result would mean that the judge who tried the case, and who is therefore in the best position to determine the questions involved, can be automatically disqualified, and the whole (frequently long and involved) question of just what assets and income belonged to the husband, will have to be demonstrated again at great expense to the husband and the county. Worse than that, if each petition for modification were considered a new action, it would encourage judge-shopping and repeated tries by the petitioner until he finds a judge sympathetic to his position.

We have read the cases cited by the husband and are aware of the fact that other jurisdictions are not all in accord with our reasoning, but we believe that our view is the more reasonable and practical approach.

The decision of the Court of Appeals is vacated and the special action is dismissed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.