414

510 P.2d 386

Marie ROSS, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Morris Rozar, Judge; and Real Party in Interest, Samuel S. ROSS, Jr., Respondents.

No. 10994-PR.

Supreme Court of Arizona,
In Banc.
May 31, 1973.

Filler, Paytas, Shannon, Fleming & Stephenson, P. C., by Henry R. Paytas, Phoenix, for petitioner.

Johnson & Shaw, by Marvin Johnson, Phoenix, for respondents.

CAMERON, Vice Chief Justice.

This is a petition for review of a decision of the Court of Appeals which held, pursuant to the provisions of Rule 42(f)(1) of the Rules of Civil Procedure, 16 A.R.S.:

"   *   *   *   that petitioner was entitled to disqualify the respondent judge as a matter of right   *   *   *."

The opinion of the Court of Appeals was filed contemporaneously with the case of Hofstra v. Mahoney, 18 Ariz.App. 4, 499 P.2d 735 (1972). We granted review in Hofstra v. Mahoney, supra, vacated the decision of the Court of Appeals, and dismissed the petition for special action holding that in a divorce action wherein a party attempts to either enforce or modify a prior decree, the party has waived the right to a peremptory challenge of the judge who tried the original action stating:

"It is clear that it was intended by the legislature that divorce cases remain open, and jurisdiction continues, as long as it is necessary to modify the decree entered. Thus, the present petition to eliminate the alimony is not a *new case*. The husband impliedly recognized this fact when he gave his petition the same title and number as that of the original case.   *   *   *" Hofstra v. Mahoney, 108 Ariz. 498, 499, 502 P.2d 1317, 1318 (1972).

Although nothing we say here should be construed to prevent a judge from considering and granting a motion for change of judge based upon actual bias and prejudice, we hold in the instant case that the petitioner is not entitled to a peremptory challenge as a matter of right. Hofstra v. Mahoney, 108 Ariz. 498, 502 P.2d 1317, supra.

Decision of the Court of Appeals, Division One, 18 Ariz.App. 9, 499 P.2d 740 (1972), vacated. The special action is dismissed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.