514 P.2d 268

**Edith TYLER, Appellant,**

v.

**FRED HARVEY, INC., Appellee.**

**No. I CA–CIV 1884.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 25, 1973.

Neville & Lalliss by Robert T. Neville, Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall by Calvin H. Udall, John D. Everroad, Phoenix, for appellee.

## OPINION

EUBANK, Presiding Judge.

The tenant-appellant filed this appeal from a summary judgment in favor of the landlord appellee, finding her "guilty of forcible detainer" pursuant to A.R.S. § 12–1171 et seq. Two questions are raised for our consideration, first, the nature of the tenancy created by the lease; and, second, the timeliness of appellant's affidavit of bias and prejudice.

### THE LEASE

The parties agree that the two documents attached to the complaint entitled "Arrangements for Lease of Beauty Shop —Bright Angel Lodge" and "Contract for Operation of Bright Angel Beauty Shop", executed by the parties on March 21, 1958, and March 27, 1958, respectively, constitute a written lease between appellee as landlord and appellant as the tenant of the Bright Angel Beauty Shop located in the Bright Angel Lodge at the Grand Canyon. Apparently the trial court treated them similarly, although no express findings were made.

Appellant contends that the "unequivocal" language of the lease establishes either an estate for life or an estate for years since the language of the lease permits her to "remain and operate a beauty shop as long as her work is satisfactory". Appellee, on the other hand, contends the lease provisions merely create an estate at will or of sufferance because of the lack of a definite term of the lease contained in the lease provisions.

A review of the "Lease" reveals the following provisions relating to the term or period of time that the lease was to operate. The March 21, 1958, "Arrangement for Lease" states only that:

"We rent to the Operator of the Bright Angel Beauty Shop, with the present equipment in good working order [,] for $50.00 per month, in advance. . . ." and

"The Operator, on taking over the shop may continue to operate same as long as her customers are satisfied with her work and the Company has no reason for complaint regarding her personal deportment.",

while the March 27, 1958, "Contract" states:

"This contract is indefinite and automatically renewed with Fred Harvey Co. under the following conditions; as long as the customers are satisfied with work performed. Beauty shop is to be open for business six days a week except holidays. Operator is requested to give written notice of termination not less than six months prior to her termination date.

"Assignment of room 12 in the girls dormitory and all meals at the Bright Angel Coffee Shop. Operator agrees to pay Fred Harvey Co. a sum of fifty dollars per month plus fifty dollars per month for each additional employee."

■ It is obvious that the term of the lease is indefinite. In such circumstances, we deem the $50.00 monthly payment of rent as controlling evidence of the intention of the parties with respect to the term of the lease. *See* 49 Am.Jur.2d, Landlord and Tenant, § 72 (1970). In the case of Lane v. Hognason, 12 Ariz.App. 330, 470 P.2d 478, on rehearing, 13 Ariz.App. 120, 474 P.2d 839 (1970), Division 2 of our Court said:

"We note that the lease is for an indefinite term and is, therefore, a tenancy at will and can be terminated at any time by the landlord, subject to the statutory notice requirements. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307 (1935); Johnson v. Simpson Oil Company, 394 S.W.2d 91 (Mo.App.1965); Gray v. Gray, 205 Or. 116, 286 P.2d 138 (1955); 49 Am.Jur.2d Landlord and Tenant §§ 70, 74; 51C C.J.S. Landlord & Tenant § 156. Further, since the rent in the lease was payable monthly, the tenancy of the defendants was from month to month. Palmer v. Zeis, 65 Cal.App.2d Supp. 859, 151 P.2d 323 (1944) . . ." (12 Ariz.App. at 333, 470 P.2d at 481).

We agree with Division 2. In our opinion a month-to-month tenancy was created by the lease provisions, which were properly invoked by the landlord by giving the tenant statutory notice of termination.

## THE AFFIDAVIT OF BIAS AND PREJUDICE

Beginning on January 27, 1970, this matter was tried to a jury resulting in a defense verdict for the appellant. Appellee's motion for a new trial was made and granted. Appellant then attempted to appeal from the order granting the new trial, but the notice was not timely filed. Appellee, on June 16, 1971, filed a "Motion for Judgment" which was opposed. On July 27, 1971, appellant filed her Affidavit of Bias and Prejudice which also was opposed. On August 16, 1971, appellee filed its motion for summary judgment under Rule 56, Rules of Civil Procedure, 16 A.R.S., which was also opposed. The trial court, considering all motions at one hearing, denied the change of judge and granted appellee's motion for summary judgment, on September 15, 1971.

Appellant contends that this was error, relying on Pacific Guano Co. v. Pinal County Land Co., 1 Ariz.App. 34, 399 P.2d 122 (1965) where our Court said:

"Where a motion for a new trial has been sustained, the case stands as though there had never been a trial." (1 Ariz. App. 36, 399 P.2d at 124).

■ In State v. Neil, 102 Ariz. 110, 425 P.2d 842 (1967) our Supreme Court, noting that the law pertaining to a change of judge was the same in criminal and civil cases, held that following a reversal of a case by the Supreme Court and a resulting new second trial, the filing of an affidavit of bias and prejudice was not timely to effect a change of judge without actual proof of his bias and prejudice. This case

is really no different. The record does not reveal, nor does the appellant contend, that there was any evidence of actual bias or prejudice presented to the trial judge in support of the affidavit.

It is our opinion that the trial judge properly denied the affidavit.[1]

Judgment affirmed.

JACOBSON, C. J., and HAIRE, J., concur.

---

1. On March 1, 1972, new Rule 42(f), Rules of Civil Procedure, 16 A.R.S., relating to a change of judge, was added to our rules by the Supreme Court. We believe that the result reached here would be the same reached under the new rules. *See:* Ross v. Superior Court, 109 Ariz. 414, 510 P.2d 386 (1973); Hofstra v. Mahoney, 108 Ariz. 498, 502 P.2d 1317 (1972); King v. Superior Court, 108 Ariz. 492, 502 P.2d 529 (1972).